Commonwealth *v.* Corbin, Appellant.

464

Argued November 11, 1971. Before Jones, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert J. Shenkin,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Martin H. Belsky,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, May 25, 1972:

This appeal challenges the propriety of the proceedings at the trial level wherein the judge who heard and decided, adversely to defendant, a motion to suppress an allegedly involuntary confession, then sat as the trier of fact at defendant's nonjury trial.

Appellant, Ronald Corbin, was arrested shortly after midnight on March 20, 1970, in connection with the stabbing death earlier that evening of Charles Alexander in Philadelphia. Several hours after arrest, Corbin gave a formal statement to homicide detectives in which he confessed his role in the slaying. After indictments charging him with murder and conspiracy, to which he pleaded not guilty, Corbin filed a motion to suppress the confession. The motion remained undisposed of at the time the case came on for trial. Corbin waived his right to a jury trial, and the court thereupon received evidence on the motion to suppress. The confession was held to be voluntary and the motion to suppress was denied. The trial then proceeded on the merits and appellant was adjudged guilty of murder in the second degree, and conspiracy. Post-trial motions were argued before a court *en banc* and were denied. This appeal followed.

Appellant claims that the rule announced in *Jackson v. Denno*, 378 U.S. 368, 12 L. Ed. 2d 908 (1964), mandating a hearing separate from the trial-in-chief to determine the voluntariness of a confession, also requires that where trial is without a jury, the ruling on the pretrial motion to suppress must have been made by a judge other than the trial judge. He argues that evidence of a prejudicial nature may be introduced at the suppression hearing which would not be admissible at trial and which may unduly influence the trial judge. For two reasons we hold that this argument is unavailing in this case.

First, appellant has effectively waived any objection he might have had to the procedure below. After the election was made to proceed without a jury, the following colloquy took place among the trial judge, appellant, and his attorney: "By the Court: Q. You have discussed the case thoroughly with your attorney? A. Yes. Q. Do you have any questions whatsoever concerning these proceedings? A. No. Q. Now, your attorney has advised us he has filed a Motion to Suppress, which means in this case he feels that the statement allegedly by you should not be allowed into evidence. Do you understand your attorney has filed such a Motion? A. Yes. Q. Are you agreeable to having the Court hear that Motion just prior to your trial? Mr. Walsh (appellant's attorney): Give the answer. Pay attention to that. By the Court: Q. Do you agree that argument can be heard right before the case is tried, before we get into the merits of the case? And, of course, if it is suppressed, then the statement cannot be used. Do you agree with that? A. Yes. Q. And you waive a jury for the whole proceeding; is that correct? A. Yes. . . . Mr. Walsh: Your Honor, may I ask a question? The Court: Certainly. By Mr. Walsh: Listen to me. This is the Honorable James R. Cavanaugh, Judge. In addition to his question, do you agree Judge Cavanaugh would not only hear the evidence on the Motion to Suppress, but following that would try your case? A. Yes. There would be no other judge; do you understand? A. Yes. Q. And that is agreeable to you? A. Yes." It is manifest from this record that appellant, having conferred with his attorney, elected to take his chances with a single judge. Whatever his reasons, the choice of strategy was deliberately and voluntarily made, and appellant cannot now, after an unfavorable result, be heard to complain.

Second, and independently of waiver, an examination of the *Jackson-Denno* decision compels a conclusion that any error which may have occurred was harmless. In striking down the New York procedure allowing the jury to determine the voluntariness of a challenged confession at trial, the Supreme Court was influenced by two factors: (1) the jury, once having heard evidence on guilt, would be unable to distinguish the truth of a confession from its voluntariness and therefore to render a neutral decision on the question of voluntariness; and (2) though rejecting a confession as involuntary, a jury could still be influenced on close questions by their knowledge of the contents of the statement, and on that basis decide the guilt issue adversely to the defendant. As the Court said: "It is difficult, if not impossible, to prove that a confession which a jury has found to be involuntary has nevertheless influenced the verdict or that its finding of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. These hazards we cannot ignore." 378 U.S. at 389. Simply stated, the Court in *Jackson-Denno* realized that evidence on guilt can improperly influence the admissibility of a confession, and conversely, the guilty determination can be affected by the possible truth of a confession, despite its inadmissibility.

As to the first basis of *Jackson-Denno*, it is not applicable where, as here, there is in fact a separate hearing on suppression. The vice to which the *Jackson-Denno* court was addressing itself was the prejudice involved in a single hearing before a jury which is called upon to adjudicate both voluntariness and guilt

at the same time. Where a separate hearing is held, it makes no difference that the suppression hearing judge is the same judge who later presides at the trial on the merits, whether alone or with a jury. In either situation, any evidence bearing on guilt which may creep into the suppression hearing would be equally likely, or unlikely, to influence the determination of voluntariness.

Addressing his argument more to the second underpinning of *Jackson-Denno,* appellant contends that a judge is no less infallible than a jury and, like a jury, is incapable of totally disregarding the possible truth of a confession he has previously held to be inadmissible because involuntary. We are inclined to agree; even where the judge scrupulously strives, as did the judge in this case, to avoid the introduction at the suppression hearing of any evidence on guilt, including the contents of the confession itself, the evidential vacuum sought for is often imperfect. A defendant can show prejudice, however, only when the challenged confession has been suppressed. When, as here, the confession is held to be voluntary, the potential error of the same judge sitting at trial is harmless, because the same evidence he may have been exposed to for suppression purposes is admissible to show guilt or innocence.

Holding as we do that the only objection raised on this appeal has either been waived or is harmless error, the judgment of sentence below is affirmed.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.