393 A.2d 737

**COMMONWEALTH of Pennsylvania**

v.

**Paul JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Oct. 20, 1978.

Lester G. Nauhaus, Asst. Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, by the defendant-appellant, Paul Jones, after conviction in a non-jury trial of theft by deception and violation of the Controlled Drug Device and Cosmetic Act—Delivery; and from the denial of post-trial motions.

The facts are as follows: On June 2, 1976 an undercover narcotics officer contracted with the defendant to purchase four "half spoons" of heroin for $96.00. This was delivered. Two weeks later he contracted for the same quantity of heroin at the same price but instead of delivering heroin he delivered a substance that proved negative as to the drug. The investigation was completed August 5, 1976 and the defendant was arrested on October 5, 1976. After conviction he was sentenced to a term of not less than one year

less two days, and not greater than two years less one day, on the delivery conviction. Sentence was suspended and the defendant placed on two years probation. Sentence was suspended on the theft charge.

The principal issue raised in this appeal is that the trial judge erred in refusing to disqualify himself in a non-jury trial after he had heard prejudicial and inflammatory evidence in the form of a prior conviction in a pre-trial motion to quash the indictment.

In *Commonwealth v. Paquette*, 451 Pa. 250, at page 258, 301 A.2d 837 at page 841 (1973), the court said: "The better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted. *Commonwealth v. Corbin*, 447 Pa. 463, 291 A.2d 307 (1972)".

In *Paquette*, no request was made by the defendant for the disqualification of the trial judge so the Supreme Court held that proceeding to trial before the same judge was a matter of trial strategy and he was in no position to complain of the result. However, in the instant case, the evidence of a prior conviction on similar charges had been introduced at the hearing on the motion to quash the indictment and the request was made prior to trial that the judge disqualify himself.

In *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973) the defendant was convicted of possession. In that case, evidence of a prior conviction was brought out at a pre-trial hearing. The defendant elected to go to trial non-jury and requested that the Suppression Judge disqualify himself in the non-jury trial. The judge refused and after conviction the defendant appealed. Referring to *Paquette*, the Supreme Court said in *Goodman*, 454 Pa. at page 360, 311 A.2d at page 653:

"At that time we refrained from making a mandatory requirement even in a multi-judge district because we recognized the significant administrative problems with

which many of our trial courts are forced to contend. We were also aware that in many instances all parties are perfectly agreeable to the same judge presiding even where the trial is non-jury. But our decision not to formulate a prophylactic rule prohibiting a judge from presiding over both pretrial and trial proceedings should not have suggested that we failed to perceive the possible difficulties that could result from such a procedure or as a determination that a timely objection in an appropriate case could not provide a basis for a reversal of a judgment of sentence. While an awareness of the congestion of court calendars appropriately influenced our decision to refrain from prohibiting this practice these considerations are of no moment where a record demonstrates that the procedure in that case resulted in prejudice to the defendant and the objection was properly preserved for appellate review.

"Justice further requires that we relieve the defendant of the responsibility of establishing that the information in fact influenced the court's decision. If it is established that the information received during the pre-trial proceeding would have been incompetent in the subsequent proceeding and that it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant he need not demonstrate that the information actually influenced the court's actions. We are impressed with the wisdom of the ABA § 1.7 Standards Relating to the Function of the Trial Judge which provides: 'The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned.' We have every confidence that the trial judges of this Commonwealth are sincere in their efforts to avoid consideration of incompetent inflammatory evidence in reaching their judgments but we also are acutely aware that the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of either of these elements. We are equally anxious to avoid the curtail-

ment of the defense in the presentation of testimony in support of pre-trial motions because of the fear that information disclosed therein may adversely affect the outcome of subsequent proceedings. These considerations lead us to conclude that a judge should honor a request for recusation where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause."

However, in *Goodman,* the Supreme Court decided that the issue hadn't been preserved because it wasn't raised in post-trial motions.

Then in *Commonwealth v. Conti,* 236 Pa.Super. 488, 345 A.2d 238 (1975), this Court held that the fiction of a judge being able to wholly exclude prejudicial testimony from his mind should be abandoned and that each case should be decided according to its particular facts. This Court set up the following test at page 245: "One factor will be the inherently prejudicial quality of the specific evidence involved . . . The other factor will be the importance of the evidence to the particular case." See also *Commonwealth v. Harris,* 239 Pa.Super. 603, 360 A.2d 728 (1976), Note 4, page 612, 360 A.2d page 732 in the Concurring Opinion of Judge Hoffman which reads as follows:

"4. Thus, the problem in the instant case is distinguishable from that addressed in *Commonwealth v. Conti,* 236 Pa.Super. 488, 345 A.2d 238 (1975). In *Conti,* we held that a judge should be treated in the same manner as a jury if the judge, sitting as a trier of fact, heard inadmissible evidence that would have required a mistrial had a jury been present. We rejected the underlying rationale that a judge was able to ignore such evidence while a jury could not."

The case at bar is similar to the *Goodman* case and *Paquette* case. Here the defendant asked the trial court to disqualify himself after he had heard testimony concerning a prior conviction. The court denied the request but the defendant in this case preserved the issue in his post-trial motions.

The testimony in question was concerning a prior drug conviction for the sale of heroin. A prior conviction for the same type of offense is highly prejudicial. *Commonwealth v. Barron*, 438 Pa. 259, 264 A.2d 710 (1970); *Commonwealth v. Bradley*, 243 Pa.Super. 208, 364 A.2d 944 (1976). As to the second part of the *Conti* test, the court used the prejudicial evidence to make the foundation of an inference, as follows:

"It's on the Record by reason of what you said. There's a conviction, but I don't know what for except it relates to heroin. So that's as far as I'm going on it, but I don't see any reason to play a game of musical chairs in a judicial sense and send you off somewhere else when, first of all, it's on your own admission; and secondly, there is clearly a heroin problem. Whether it extended to that point, I don't know. And the usual inference to be drawn is that people who use heroin in substantial quantities have to have money to buy heroin; and the avenues of earning such income is limited. Now, that's the only inference I'm drawing at this stage; I'll draw that in every case. But I don't see there's any legal authority that requires that I send it or any inherent prejudice save that which I do not think were essential statements in the light of what you hoped to accomplish. There, motion is denied."

As to the defendant's complaint concerning the time between the sale and the arrest. The investigation was not completed until August 5, 1976 and arrest took place on October 5th so under the circumstances of this case the delay was not unreasonable.

The judgment of sentence is reversed and a new trial granted.

PRICE, J., concurs in the result.

SPAETH, J., files a concurring and dissenting opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree with the majority's disposition of the issues that it discusses. However, appellant has also argued that the

evidence was insufficient to support a finding of guilt on the charge of theft by deception. I agree with appellant's argument, and would therefore grant arrest of judgment on that charge.

There was no direct proof that appellant knew that the second sale he made was not of heroin, but of quinine only. The only circumstantial proof was that appellant promised heroin, but delivered quinine. This is not sufficient proof, for under the Crimes Code, "deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." 18 Pa.C.S. § 3922(a)(1). I do not find persuasive the Commonwealth's argument that appellant's knowledge may be inferred from the fact that appellant was a heroin addict. *Cf. Commonwealth v. Fucci*, 251 Pa.Super. 156, 380 A.2d 425 (1977) (deceiver's knowledge proved by his assertions to buyer that he had used the "heroin" and was still a "little high" from it, and by accomplice's testimony that she told deceiver that the "heroin" was baking soda and that transaction was trick).