436 A.2d 1014

**COMMONWEALTH of Pennsylvania,**

v.

**Richard NASH, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Oct. 30, 1981.

Petition for Allowance of Appeal Denied Jan. 29, 1982.

---

Albert C. Oehrle, Norristown, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was convicted in a nonjury trial of involuntary deviate sexual intercourse, two counts of burglary, and loitering and prowling at night time. Post verdict motions were denied and appellant was sentenced. A timely appeal was filed with this court. Prior to argument, appellant petitioned this court to remand for an evidentiary hearing concerning his contention involving Rule 1100, Pa.R.Crim.P. This court granted such petition. The lower court held an evidentiary hearing and filed a supplemental opinion. The case then proceeded along the normal appellate path.

Since appellant's complaints are basically procedural in nature, an abbreviated factual account of the case is all that is needed. Two female residents of the Kingswood Apart-

ments in King of Prussia, Upper Merion Township, Montgomery County were burglarized on consecutive Tuesdays. The intruder either attempted to or actually succeeded in sexually abusing the two residents. Both incidents occurred in the early morning hours, one at approximately 3:30 a. m., the other at approximately 4:00 a. m. The police established a surveillance of the apartment complex. On the following Tuesday, appellant was observed at approximately 3:40 a. m. walking along a line of trees in the rear of one of the apartment buildings. As appellant approached a location where a police officer was located, the officer revealed and identified himself and then began to question the appellant. The appellant admitted that he did not live in the apartments. He claimed he was looking for a place to relieve himself and that he became lost and was unable to locate his car. Mr. Nash was placed under arrest for loitering and prowling. He was advised of his rights, and transported to the police station.

Appellant signed, with counsel present, two written postponement requests, both requests were accompanied by a "Rule 1100 Waiver"; both were granted. The three cases came up for trial on March 13, 1979. Argument on pretrial motions were held after which, the court denied appellant's application to dismiss under Rule 1100 and denied his motion to suppress his statement. Appellant was tried before the same judge sitting without a jury and found guilty.

Appellant raises four issues on this appeal which we will discuss seriatim.

1. Did probable cause exist to arrest appellant?

Appellant recites that there are four elements to the crime of loitering and prowling, the conduct: must occur at night; around a dwelling house; consisting of either loitering or prowling; with, evidence of malice. Appellant claims that he was not "around a dwelling house"; that he was not loitering or prowling nor did he act with malice.

Appellant's argument contains one major flaw, which he overlooks. When questioning the probable cause

of an arrest, we are not concerned with establishing guilt beyond a reasonable doubt; nor are we to determine if a prima facie case exists; "we look to whether the police officers reasonably could have believed that crime was afoot." *Commonwealth v. Dennis*, 236 Pa.Super. 348, 350, 344 A.2d 713, 715 (1975). This case is dissimilar to the cases like *Commonwealth v. Dial*, 445 Pa. 251, 285 A.2d 125 (1971) where the defendants were standing on the sidewalk of a major thoroughfare in front of a supermarket. Here, appellant was observed in the early morning hours walking around an apartment complex to which he was not a tenant. *See Commonwealth v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974). We find appellant's conduct sufficient to justify the police in believing crime was afoot.[1]

Probable cause did exist for appellant's arrest for loitering and prowling.

2. Should appellant's inculpatory statements have been suppressed?

Appellant presents two arguments on this point. First, he argues that since probable cause did not exist for the arrest that such statements were the fruits of the unlawful arrest. As we find probable cause did exist we need not address such claim. Secondly, appellant contends that the unnecessary pre-arraignment delay tainted his statements. He argues that the delay was a factor in coercing his statement in that after repeated requests to talk to an attorney he succumbed to the pressures of the situation.

In *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977) the Supreme Court fashioned what has commonly become known as the "six hour rule." "If the accused is arraigned within six hours of arrest, pre-arraignment delay shall not be grounds for suppression of such statements except as the delay may be relevant to constitutional stan-

---

1. Appellant's argument sounds more like a challenge to the sufficiency of the evidence, however appellant later gave a statement in which he admitted peering into the apartment windows on the night of his arrest. Therefore, we need not address the issue as to whether malicious conduct existed.

dards of admissibility. *See Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 926 (1968), "Id. at 286–87. Therefore, appellant's claim that a delay of 5 hours and 47 minutes requires his statements to be suppressed is without merit, though such a delay may be considered in determining the voluntariness of such statements.

"In reviewing this (suppression) ruling our initial task is to determine whether the factual findings are supported by the record. 'In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted.' *Commonwealth v. Goodwin*, 460 Pa. 516, 522, 333 A.2d 892, 895 (1975). If, when so viewed, the evidence supports the factual findings we are bound by such findings; we may only reverse if the legal conclusions drawn therefrom are in error." *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976).

*Commonwealth v. Cooke*, 260 Pa.Super. 528, 394 A.2d 1271 (1978).

Appellant complains that upon being arrested he was thrown up against a police car; his face pushed against the car. He alleges that the police threatened to allow a police dog to attack him. He claims racial slurs were directed towards him. During questioning he felt intimidated when he observed a service revolver readily accessible. He saw a number of police officers with their hands on their gun. One officer is alleged to have threatened him with a nightstick.

■ Our review of the notes of testimony taken of the suppression hearing supports appellant's contention in part. The Commonwealth did not present evidence to contradict appellant as to the police behavior at the scene of arrest. However, we find that the prosecution did adequately contradict appellant's version of the police behavior at the police station, where the first statement was given. In rebuttal, the officer accused of threatening appellant clearly

denied having done so. There was testimony that the police must have ready access to weapons when questioning suspect and that the police had not gone beyond their normal procedure in dealing with appellant. The lower court placed great weight on one factor the appellant has chosen to overlook. Appellant's argument is premised upon his claim that he was only able to relate the incidents to his interrogators because the police in questioning him had frequently referred to portions of the victims' statements. The Commonwealth rebutted this claim with testimony that such statements had not been reduced to paper as of the time of appellant's statement. Nor had the interviewing detective been present when such statements were tape recorded. The lower court found appellant's statements were voluntary; we agree.

Appellant further claims that he had on at least five occasions prior to giving his inculpatory statements requested to talk to a lawyer. The Commonwealth offered testimony that the appellant had been advised of his *Miranda* rights on four occasions. On two occasions after receiving his rights appellant somewhat equivocally stated that he felt that he should not talk with the police without first consulting an attorney. On both such occasions the detective offered to call an attorney for appellant but appellant declined the offer. Approximately, a half hour after the second offer, appellant broke down crying and admitted his involvement in the two sexual assaults. The lower court chose to believe the Commonwealth's account. We must respect such finding of the suppression court. *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978). We find that under the circumstances appellant was not denied his right to the assistance of counsel. See: *Commonwealth v. Weaver*, 274 Pa.Super. 593, 418 A.2d 565 (1980).

3. Were the lower court proceedings in violation of Rule 1100? Was counsel ineffective in delaying the trial?

The complaints in this case were filed on June 13, 1978. The 180 day period required by Pa.R.Crim.P. R. 1100, would have expired on December 10, 1978. On November 14, 1978,

appellant signed a motion to postpone trial as counsel was awaiting a transcript of proceedings in a sister county, which he hoped to be of help in the present cases. Accompanying such motion was a waiver of Rule 1100 for 120 days. The motion was presented to the court on December 4, 1978; it was granted. A second similar postponement was granted on January 26, 1979. Trial commenced on March 13, 1979.

■ Appellant puts forth alternate arguments. First, he relies on Rule 1100(d)(2), which reads:

(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that *only the period beyond the thirtieth (30th) day shall be so excluded*;

[Emphasis added]

He contends that the first thirty (30) days of the continuances are not excludable. Had the waiver not accompanied the continuance appellant's position would be correct; for if a postponement was granted for 120 days the first thirty days would not be excludable. However here appellant signed a valid waiver for 120 days.[2] See *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980); *Commonwealth v. Scott*, 272 Pa.Super. 236, 414 A.2d 1095 (1979). Appellant effectively waived his right to be tried within the original 180 days, and further agreed to be tried within 120 days from the granting of the continuance.

Appellant next argues that counsel was ineffective in having the appellant sign the above waiver. Appellant reasons that since counsel received the awaited transcripts and had sufficiently reviewed them by the end of December, counsel was ineffective in seeking the continuance for 120 days.

2. Since we find that the first waiver was valid; we need not discuss whether the second postponement and waiver were likewise valid as the actual trial date fell within the time frame of the first waiver.

■ "[T]he only inquiry is whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered as advancing and protecting the appellant's interest." *Commonwealth v. Roundtree*, 469 Pa. 241, 249, 364 A.2d 1359 (1976). Here, the record demonstrates that counsel sought a continuance for the purpose of obtaining a transcript of proceedings in a neighboring county which appellant had led counsel to believe would be helpful in the current case. We find counsel's action was reasonable.

■ However, appellant argues that it was not reasonable to continue the case for 120 days and that a date certain should have been set. We disagree for three reasons. First, the record indicates that counsel was uncertain as to when the transcript would be available.[3] Second, the court has within its discretion to grant or deny a postponement. We find no abuse of discretion in continuing a case for a maximum of 120 days conditioned on the waiver of Rule 1100 for that period. See: *Commonwealth v. Austin*, 224 Pa.Super. 230, 302 A.2d 413 (1973). Nor was the continuance for a date uncertain as condemned in *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), as appellant was to be tried within 120 days. Finally, we take note as described on the record, of the administrative procedures of Montgomery County. Judicial delay may justify the granting of an extension of time. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Similarly, we hold here that a court in granting a continuance may consider administrative delays in relisting the case.

4. Was trial counsel ineffective in not seeking the suppression judge to recuse himself?

Appellant bases his argument on several facts which were brought to the court's attention during the hearing on the

**3.** Counsel had prepared the postponement form some three weeks prior to presenting it. He had hoped that the transcript would be available prior to the time the case was to be called for trial, and then the postponement would not be necessary.

pretrial motions. The court became aware that charges were pending against Mr. Nash in Bucks County. Furthermore, appellant claims he was prejudiced when the court "was advised in detail concerning the substance of the confession". He claims several prejudicial details were brought out wherein it was made apparent that the appellant had confessed. Appellant continues that he was denied the right to challenge the voluntariness of the confession before an impartial fact finder.

This current appeal is almost identical to *Commonwealth v. Corbin*, 447 Pa. 463, 291 A.2d 307 (1972). Here as in *Corbin*, the decision to proceed before the suppression judge was freely and knowingly made. The lower court on several occasions asked appellant how he wished to proceed. The record clearly indicates the counsel fully advised appellant of the various options and his opinion of the advantages, disadvantages and the chance of success of each. *Corbin* holds that in such situation it is not improper for the suppression judge, who denies the motion to suppress to preside in a non-jury trial. We hold likewise here.

Nor does the current appeal involve the situation that was present in *Commonwealth v. Jones*, 259 Pa.Super. 103, 393 A.2d 737 (1978). In *Jones*, the pre-trial motion judge heard evidence of a defendant's prior conviction. Prior to trial defendant requested the judge to disqualify himself. The judge refused and this Court reversed and ordered a new trial. In the current appeal, appellant did not request the trial judge to recuse himself. And as previously discussed above, appellant freely chose to proceed before such judge. Accordingly, trial counsel cannot be found ineffective when he fully advises his client of the choices in respect to proceeding before the suppression judge. Counsel cannot be held to be ineffective when his client makes a voluntary informed decision to proceed before a judge who may have heard information adverse to appellant.

Judgment affirmed.

CAVANAUGH, J., concurs in the result.