524 A.2d 511

**COMMONWEALTH of Pennsylvania**

v.

**Mitchell SHABLIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1987.

Filed April 13, 1987.

290

Douglas M. Johnson, Assistant Public Defender, College-ville, for appellant.

Mary M. Killinger, Assistant District Attorney, Norris-town, for Commonwealth, appellee.

Before BECK, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for burglary, attempted rape and unlawful restraint. Appellant contends that his trial counsel was ineffective for failing to object when the trial court did not conduct a colloquy before accepting his waiver of a jury trial. Because we find that appellant's claim has arguable merit, we vacate the judgment of sentence and remand the case for a hearing to determine whether appellant's waiver was voluntarily entered.

Appellant was arrested and charged with the above crimes. He filed a pre-trial motion to suppress out-of-court and in-court identifications. After a hearing, the trial court denied the motion. The trial court, without the colloquy required by Pa.R.Crim.P. 1101, accepted appellant's waiver

of his right to a trial by jury. After a bench trial, appellant was convicted of all charges and sentenced to three-and-one-half-to-seven years incarceration for the attempted rape conviction and a consecutive term of one-to-two years incarceration for the burglary conviction. Sentence was suspended on the remaining conviction. This appeal followed.

Appellant contends that his trial counsel was ineffective for failing to object when the trial court accepted his waiver of his right to a jury trial without first conducting a colloquy as required by Pa.R.Crim.P. 1101. We agree.[1]

When confronted with a claim of ineffective assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit, and, if so, it must determine whether the course chosen by counsel had some reasonable basis designed to serve the interests of the client.

*Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). Further, to obtain relief, appellant must show that counsel's ineffectiveness worked to his prejudice. *Id.* (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967)). When a claim has arguable merit, and there has been no evidentiary hearing below to determine if there was a reasonable basis for counsel's actions, then this Court will remand for an evidentiary hearing. *Commonwealth v. Spotts*, 341 Pa.Superior Ct. 31, 33, 491 A.2d 132, 134 (1985). If it is clear that the allegation of ineffectiveness of counsel lacks arguable merit, then an evidentiary hearing is unwarranted and the unfounded allegation will be rejected. *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

The right to trial by jury in non-petty criminal cases is a basic tenet of American jurisprudence. U.S. Const. amend. VI; Pa. Const. art. I, §§ 6, 9; *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Commonwealth v. Reed*, 488 Pa. 221, 412 A.2d 477

---

1. We note that as appellant is represented by new counsel on appeal, trial counsel's ineffectiveness is properly raised. *Commonwealth v. Holmes*, 482 Pa. 97, 105 n. 3, 393 A.2d 397, 401 n. 3 (1978).

(1980). It is for the defendant, not trial counsel, to ultimately decide whether the right to trial by jury is to be waived in a given case. *Commonwealth v. Williams*, 310 Pa.Superior Ct. 501, 514, 456 A.2d 1047, 1059 (1983). The waiver of a basic and fundamental right must be knowing and voluntary. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Commonwealth v. Hines*, 496 Pa. 555, 559, 437 A.2d 1180, 1182 (1981). Based upon this principle, our rules provide:

> In all cases, the defendant may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, signed by the defendant, the judge and the defendant's attorney as a witness.

Pa.R.Crim.P. 1101. The colloquy conducted by the trial court must apprise the defendant of the following essential elements of a trial by jury: that the jury would be selected from members of the community, that the verdict must be unanimous, and that the defendant would be allowed to participate in the selection of the jury. *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973). In the past, Pennsylvania courts have held that both the failure to hold a colloquy, or an inadequate colloquy, required reversal and remand for a new trial. *See, e.g., Commonwealth v. Morin*, 477 Pa. 80, 88, 383 A.2d 832, 835 (1978). *See also Commonwealth v. Tanur*, 297 Pa.Superior Ct. 40, 443 A.2d 288 (1981). More recently, however, our Supreme Court has abandoned this per se rule in favor of a totality of the circumstances analysis which looks to, among other things, the extent to which counsel and client may have discussed the waiver. *Commonwealth v. DeGeorge*, 506 Pa. 445, 449, 485 A.2d 1089, 1091 (1984). We, therefore, are compelled to go beyond the lack of an on-the-record colloquy and examine the circumstances surrounding appellant's waiver of his right to a jury trial in order to determine whether that waiver was voluntary. *Id.*

■ Here, the record reveals the following exchange relevant to appellant's waiver of his right to trial by jury:

> MS. ZAFFARANO (district attorney): Your Honor, I believe at tis (sic) time Mr. Gottlieb would like to proceed to a bench trial so I believe there would be a waiver of a jury trial signed by Mitchell Shablin and presented to the Court.
>
> MR. GOTTLIEB (defense counsel): That's correct, Your Honor. That's what Mr. Shablin has previously indicated.
>
> THE COURT: All right, sir.
>
> MS. ZAFFARANO: All right. Your Honor, I would now present up to the Court the waiver of the jury trial signed by defense counsel, defendant and myself. . . .
>
> THE COURT: The motion is allowed.

N.T. February 10, 1986 at 50–51. In applying the totality of the circumstances test we note that the record does not contain a copy of the signed jury trial waiver form referred to in the above cited notes of testimony. This, combined with the absence of an on-the-record colloquy, prevents us from determining whether appellant entered a knowing and voluntary waiver of his right to a jury trial.

Accordingly, we must remand the case to the lower court for an evidentiary hearing to determine whether the waiver of trial by jury was voluntary. *Commonwealth v. De-George, supra*, 506 Pa. at 450, 485 A.2d at 1093. If, on remand, the court finds that the waiver was voluntary, then appellant will have suffered no prejudice and therefore will not be entitled to a new trial on ineffectiveness grounds. *Commonwealth v. Buehl, supra.* However, if the court finds that the waiver was not voluntary, then appellant will be entitled to a new trial. *See Commonwealth v. Easley*, 341 Pa.Superior Ct. 381, 389, 491 A.2d 868, 872 (1985).[2]

---

2. Appellant additionally contends that out-of-court and in-court identifications should have been suppressed and that the evidence was insufficient to support the verdict. We hold that the trial court properly and correctly disposed of these issues. Appellant also contends that his sentence was excessive. Because of our disposition of appellant's ineffectiveness claim, we need not reach this contention.

For the above-stated reasons, the judgment of sentence is vacated and the case is remanded for proceedings consistent with this opinion.

Vacated and remanded. Jurisdiction is not retained.