598 A.2d 71

**COMMONWEALTH of Pennsylvania**

v.

**Paul MIGUEL, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1991.

Decided Oct. 17, 1991.

430

Andrew G. Gay, Philadelphia, for appellant.

Karen A. Braucheau, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

CERCONE, Judge:

This case involves an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County entered after a bench trial at which appellant was convicted of burglary, conspiracy, and criminal trespass. Appellant's post-trial motions were denied and he was sentenced to a term of incarceration of twelve to twenty-four months and three years probation. After the judgment of sentence was rendered, new counsel for appellant filed a motion for reconsideration. This motion was denied.

Subsequently, on November 11, 1990, appellant filed a motion for new trial and arrest of judgment *nunc pro tunc*. In this motion, appellant claimed that trial counsel had failed to disclose to him certain crucial information, which made his waiver of jury trial involuntary. Appellant claimed that trial counsel was ineffective for this reason. After hearing, the lower court denied the motion, and this appeal, which was filed in a timely fashion, followed.

The charges on which appellant was convicted arose out of an incident involving the robbery of an elderly housewife by two men claiming to be employed by the city water department. The victim wrote down the license plate of the car in which the men fled. The car was identified as belonging to appellant's mother. The victim also identified appellant from a police photo array.

Prior to trial, an incident occurred which later formed the basis of appellant's *nunc pro tunc* motion for new trial and this subsequent appeal. Immediately before the trial in this case was to begin, the trial judge, the Honorable Pamela Pryor Cohen, called counsel for both parties into her chambers and explained that one of the court officers had received a telephone call from a person unknown to the court. This person claimed that Judge Cohen had been paid $3,700.00 to dismiss the case. The prosecuting attorney then indicated that he had received similar phone calls and had received the same call that another judge had been paid in this case, "and that's why it was switched to this room."

N.T.,
8/27/90, at 3. Judge Cohen commented:

> I mean I'm not particularly bothered by it [the phone call]. It doesn't affect my treatment of the case, but I thought I would make both sides aware of it and see if either side does want it sent out to a different room today, we'll do that. Otherwise we'll just go ahead and try it here.

*Id.* at 4. Counsel for appellant then stated that he had to talk to "them" about the phone call and the judge's offer. He left the chambers, and on his return indicated that he had told "them," and that "there was no objection to proceeding with you," referring to Judge Cohen. The case then proceeded to trial. The court engaged appellant in a colloquy in which appellant waived his right to a jury trial.

At the hearing on appellant's *nunc pro tunc* motion for new trial and arrest of judgment, appellant testified that his trial counsel did not make known to him what had transpired at the *in camera* conference with the judge prior to his trial. Appellant indicated that trial counsel made these facts known to him after his conviction. Appellant also testified that if he had known about the phone call prior to trial, he would not have waived his right to a jury trial.

At the same hearing, appellant's father testified that he was present inside the courtroom prior to his son's trial. He stated that prior to the commencement of trial, counsel for his son called him outside, and related to him the details of the telephone call to the judge. Appellant's father indicated that he did not discuss the information conveyed to him by counsel with his son.

On appeal, appellant contends that he did not knowingly, voluntarily, or intelligently waive his right to a trial by jury, because of counsel's failure to disclose the phone conversation and the judge's offer to transfer the case to another room. He alleges that he was denied his right to effective assistance of counsel due to trial counsel's failure to disclose this information to him prior to trial. Appellee, the Commonwealth, contends that since the lower court did not

find credible appellant's testimony at the hearing on his *nunc pro tunc* motion, that this court is bound by that determination. Appellee also argues that Judge Cohen's finding was correct that appellant's failure to call trial counsel as a witness at the hearing on the post-trial motions gave rise to an inference that appellant's testimony was false concerning counsel's disclosure to him of the events prior to trial. Finally, the Commonwealth contends that appellant produced no evidence establishing the lower court's bias.

 A defendant may waive his right to a jury trial and elect to be tried by a judge without a jury, with the approval of a judge in the court in which the case is pending. Pa.R.Crim.P., Rule 1101, 42 Pa.C.S.A. "The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record." *Id.* The actual waiver of jury trial is to be in writing, signed by the defendant, the judge, and the defendant's attorney, and made part of the record. *Id.* The colloquy conducted by the trial court in connection with a defendant's waiver of his right to a jury trial must apprise the defendant of these essential elements of a jury trial: that the jury would be selected from members of the community, that the verdict must be unanimous, and that the defendant would be allowed to participate in the selection of the jury. *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); *Commonwealth v. Shablin*, 362 Pa.Super. 289, 524 A.2d 511 (1987).

 In this case, the lower court conducted an on-the-record colloquy which included the essential elements of a jury trial as required by *Commonwealth v. Williams, supra.* Appellant also signed a written waiver of jury trial as mandated by Rule 1101. It thus appears that all necessary requirements were met with regard to a knowing and intelligent waiver of jury trial. Appellant contends, however, that we are required to go beyond what is set forth in the colloquy and written waiver to determine the adequacy

of his waiver. He cites *Commonwealth v. Shablin, supra,* in support of this proposition.

■ *Shablin* does not require the result which appellant suggests. In that case, the trial court accepted appellant's waiver of his right to a jury trial without conducting a colloquy as required by Rule 1101. *Commonwealth v. Shablin, supra,* 362 Pa.Super. at 291, 524 A.2d at 512. The record in *Shablin* also did not contain a copy of a written and signed waiver of jury trial form. *Id.,* 362 Pa.Superior Ct. at 294, 524 A.2d at 513. The court held that, in these circumstances, it was necessary to go beyond the lack of a colloquy and "examine the circumstances surrounding appellant's waiver of his right to a jury trial in order to determine whether that waiver was voluntary." *Id. See also Commonwealth v. DeGeorge,* 506 Pa. 445, 485 A.2d 1089 (1984) (remand for evidentiary proceedings necessary to determine whether waiver of right to trial by jury was knowing and intelligent where no on-the-record colloquy appeared). The instant case differs from *Shablin* in that both a written waiver was executed and an on-the-record colloquy was conducted in compliance with Rule 1101, *supra.* This being the case, it is not necessary for this court to go beyond the record of these proceedings to determine the voluntariness of the waiver, as did the court in *Shablin, supra.* We conclude, based on the lower court's adequate colloquy and the presence in the record of an executed written waiver that all necessary requirements of a knowing and voluntary waiver of jury trial were met.

■ Appellant also contends that his trial counsel was ineffective for allegedly failing to disclose to him the fact of the telephone conversation and other events prior to trial. He argues, citing *Commonwealth v. Brown,* 329 Pa.Super. 85, 477 A.2d 1364 (1984), and other cases, that counsel is ineffective where he/she fails to request recusal of a trial judge who indicates on the record his willingness to recuse himself. A successful claim of ineffectiveness of counsel requires proof of the following factors: that the course of action followed by counsel was unreasonable, that another

meritorious course of action was available, and that the defendant was prejudiced by counsel's course of conduct. *Commonwealth v. Williams*, 524 Pa. 218, 570 A.2d 75 (1990); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Trial counsel is presumed to be effective and a defendant has the burden of proving otherwise. *Commonwealth v. Williams, supra*, 524 Pa. at 230, 570 A.2d at 81. In the context of a claim of ineffective assistance of counsel, prejudice is determined by an evaluation of whether, "but for the arguably ineffective act or omission, there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987).

We will first address whether appellant has established that he was prejudiced by counsel's actions, since a claim of ineffectiveness of counsel cannot be established without such a finding. *See Commonwealth v. March*, —— Pa. ——, 598 A.2d 961 (1991) (to permit defendant to succeed on claim of ineffectiveness of counsel, court must provide separate finding of prejudice). In the instant case, we have searched appellant's brief for a statement of his reasons for asserting that he was prejudiced by counsel's alleged failure to inform him of the telephone conversation and Judge Cohen's offer. The only such statement we have discovered is the following:

It cannot be denied that had defendant been apprised of the phone call and the recusal offer, he would not have waived his right to a jury trial.

Defendant believes that as a result of the allegations made in the phone call, Judge Cohen *may not* have been capable of rendering a fair verdict and/or sentence.

Brief for appellant at 11 (emphasis added).

█ We do not find this vague statement sufficient to support a finding of prejudice relative to an ineffectiveness of counsel claim. It is beyond question that allegations of ineffectiveness of counsel must be stated with specificity. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332

(1981). Abstract allegations and allegations stated in a vacuum are frowned upon and will not support an ineffectiveness claim. *Commonwealth v. Durst, supra; Commonwealth v. Brown*, 313 Pa.Super. 256, 459 A.2d 837 (1983).

A close look at the incident underlying appellant's claim of ineffectiveness will reveal why his allegation of prejudice cannot be stated with more specificity. As previously indicated, prior to appellant's trial, a telephone call was received by a court staff person. The caller, who was unknown to anyone in the court, stated that Judge Cohen had been paid $3,700.00 to dismiss appellant's case. The prosecuting attorney stated that a similar call had been made to another judge. There was no indication in any of the testimony relative to this incident that appellant was linked in any way with either of these phone calls. The judge herself described the call as "apparently one of several trivial and pointless acts of maliciousness or paranoia." Opinion of February 8, 1991, at 7. We are at a loss, based on the record before us, to characterize the assertedly prejudicial incident as anything more significant than a "prank" call, with little or no connection to the present case. In the absence of more specific allegations, we cannot discern how this tangential and meaningless telephone message by a person unknown to the court could have possessed such significance that it would have deprived the trial judge of her ability to fairly and impartially decide the legal issues in the case.

In addition to having failed to establish prejudice, appellant has not proved that his ineffectiveness claim possesses arguable merit. In *Commonwealth v. Brown*, 329 Pa.Super. 85, 477 A.2d 1364 (1984) and *Commonwealth v. Nash*, 292 Pa.Super. 79, 436 A.2d 1014 (1981), cited by appellant in support of his ineffectiveness claim, the trial judge in each case heard the cases of the respective appellants without a jury. In each case, the trial judge had also heard the appellant's suppression motion. Prior to trial in each case, the lower court judge offered to recuse himself from presid-

ing at the trial on the basis of the knowledge he had acquired during the suppression hearing. The court in *Brown,* citing *Commonwealth v. Nash, supra,* held that

a decision by a defendant that a particular judge try a non-jury case is solely the defendant's decision and his counsel will not be deemed to be ineffective as long as the defendant makes the decision to remain before a particular judge with full knowledge of that particular judge's prior involvement coupled with the knowledge that, upon request, he could have another judge hear the case.

*Commonwealth v. Brown, supra,* 329 Pa.Super. at 93, 477 A.2d at 1368. In *Commonwealth v. Fields,* 231 Pa.Super. 238, 331 A.2d 494 (1974), the trial judge offered to recuse himself after he inadvertently learned, during the jury waiver colloquy, that appellant had been previously incarcerated in a state penitentiary.

▆ It is clear that the types of knowledge acquired by the trial judges in these cases was far different from and possessed a significantly greater potential for prejudice than did the innocuous phone call of which appellant complains in the instant case. The knowledge acquired by the trial judges in *Brown, Nash,* and *Fields* was a potentially prejudicial type of knowledge concerning the defendant himself and the defendant's participation in, or alleged participation in unlawful activities. No such knowledge was acquired by Judge Cohen in this case. She, in fact, did not acquire any knowledge about appellant in the phone call which is the subject of this litigation, much less any prejudicial knowledge. There is thus no merit to appellant's claim that trial counsel was required to accept the judge's offer to transfer the case to another room as this case has no similarity to the situations in which such failure has been presumed to constitute ineffectiveness of counsel.

Having found appellant's claim of ineffectiveness to be lacking in arguable merit and having also failed to unearth any basis upon which appellant would have been prejudiced

by prior counsel's alleged failure[1] to make known to him the existence of the telephone call regarding Judge Cohen, we must conclude that appellant has failed to establish the existence of all of the essential elements of a valid claim of ineffectiveness of counsel.

Judgment of sentence affirmed.

BECK, J. concurs in the result.

1. Our repeated reference to counsel's "alleged" failure to make known to appellant the telephone call is based upon the lower court's finding that appellant's testimony in this regard was not credible. Since prior counsel did not testify at the post-trial motions hearing, and since we are bound by the lower court's conclusion that she did not find appellant to be credible, we have at most an allegation that counsel did not disclose the information to appellant.