J-S47028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIE DUNCAN MCCABE | |
| Appellant | No. 1901 MDA 2015 |

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000038-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 28, 2016**

Appellant Jamie Duncan McCabe appeals from the order entered in the Schuylkill County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 22, 2013, a jury convicted Appellant of possession and possession with intent to deliver ("PWID") (heroin).[2, 3]  The trial court

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(16) and (30), respectively.

[3] These convictions stem from a December 13, 2012 traffic stop of a vehicle Appellant was driving.  Passenger Laura Kech, the owner of the vehicle, consented to a search of the vehicle, which yielded several bags of heroin, cocaine, and methamphetamines.  The jury only convicted Appellant of possession and PWID as it related to the heroin.

sentenced Appellant to 27-54 months' incarceration on December 19, 2013. On December 4, 2014, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 1, 2015, Appellant timely filed the instant *pro se* PCRA petition. On May 11, 2015, the PCRA court appointed counsel. On June 12, 2015, the Commonwealth filed a response to the PCRA petition and requested the PCRA court dismiss the petition without a hearing. On August 5, 2015, the PCRA court issued a notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. On August 24, 2015, Appellant filed a counseled response to the court's notice. On October 2, 2015, the PCRA court dismissed Appellant's petition. On October 29, 2015, Appellant timely filed a notice of appeal.[4]

Appellant raises the following issues for our review:

> A. DID THE PCRA COURT ERR [WHEN] IT FAILED TO HOLD AN EVIDENTIARY HEARING TO ADDRESS THE ISSUES RAISED BY [APPELLANT] IN HIS PCRA PETITION, SPECIFICALLY TRIAL COUNSEL'S FAILURE TO PROPER[L]Y CROSS EXAMINE KEC[H] AND ARGUE PRIOR RECORD SCORE?
>
> B. DID THE PCRA COURT ERR WHEN IT TOOK JUDICIAL NOTICE OF RECORDS REGARDING KEC[H]'S CASE AND THE FACT THAT SHE WAS ON TWO YEARS' PROBATION, IN DETERMINING THAT A HEARING WAS NOT REQUIRED TO ADDRESS TRIAL COUNSEL'S INEFFECTIVENESS?

---

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

C. DID THE PCRA COURT ERR WHEN IT FAILED TO HOLD A HEARING TO ADDRESS APPELLANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING WHEN TRIAL COUNSEL FAILED TO ARGUE THAT [] APPELLANT HAS A PRIOR RECORD SCORE OF 5, NOT [REPEAT FELONY OFFENDER ("RFEL")] AS STATED BY THE DISTRICT ATTORNEY?

Appellant's Brief at 4.

In his combined issues, Appellant argues the PCRA court erred by failing to conduct an evidentiary hearing regarding his ineffective assistance of counsel claims. He claims that his trial counsel was ineffective for failing to properly cross-examine a witness and for failing to argue his prior record score at the sentencing hearing, and that an evidentiary hearing could determine counsel's ineffectiveness.[5] We disagree.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

_____

[5] Appellant's PCRA petition is timely and his claim of ineffective assistance of counsel is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(ii).

This Court follows the **Pierce**[6] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (Pa.2010) (citation omitted).

When a claim has arguable merit, and there has been no evidentiary hearing below to determine if there was a reasonable basis for counsel's actions, this Court will remand for an evidentiary hearing. *Commonwealth*

---

[6] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa.1987).

*v. Shablin*, 524 A.2d 511, 512 (Pa.Super.1987) (quoting *Commonwealth v. Spotts,* 491 A.2d 132, 134 (Pa.Super.1985)).

However, "[t]here is no absolute right to an evidentiary hearing." *Commonwealth v. Burton*, 121 A.3d 1063 (Pa.Super.2015) (*en banc*). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa.Super.2008) (quoting *Commonwealth v. Jones,* 942 A.2d 903, 906 (Pa.Super.2008), *appeal denied,* 956 A.2d 433 (Pa.2008)).

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. [*Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001)]. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle,* 701 A.2d 541, 542-543 ([Pa.]1997).

*Commonwealth v. Khalifah*, 852 A.2d 1238, 1239-40 (Pa.Super.2004).

Further,

> remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective," before remand for an evidentiary hearing will be granted. *Commonwealth v. Pettus*, 424 A.2d 1332, 1335

([Pa.]1981). Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary. ***Commonwealth v. Clemmons***, 479 A.2d 955, 957 ([Pa.]1984).

***Commonwealth v. Petras***, 534 A.2d 483, 485 (Pa.Super.1987).

Appellant's argument, that his trial counsel was ineffective for failing to effectively argue that his prior record score was a 5, not a RFEL as stated by the Commonwealth, is belied by the record. At the sentencing hearing, defense counsel stated, "we believe that he should be a five, not a [RFEL]." N.T., 12/19/2013, at 4. Appellant testified: "I strongly believe I should be a five too. I mean[,] we went over the guidelines three times. When I took plea bargains, I was a five; and then like all of a sudden, I exercise my right to trial; and I'm – and I'm a RFEL. It's just – it's just not adding up to me." ***Id.*** at 15.

In response to trial counsel's request that Appellant be sentenced to the State Intermediate Punishment ("SIP") Program specifically geared to rehabilitation for drug problems, the trial court stated:

> Even if you calculate it at a five, it's right up there, from 1996 pretty much continuing up till this time, his current arrest; and also, his having served – beginning April 23, 2005, it was a guilty plea, twenty – no, the sentence was 24 to 48 months for [PWID], among other violations including '05 in the United States District Court, sentenced by plea involving the U.S. Bureau of Prisons, conspiracy to possess a firearm by a convicted felon.

So all of those convictions in addition to the other ones I didn't even mention are indicative of a history that – that does not warrant [Appellant's] participation in the SIP Program… And with his long record, he is not amenable to the [SIP] Program in my humble opinion.

*Id.* at 8-9.

After considering defense counsel's argument and Appellant's testimony, the trial court ultimately determined, "It does appear to the court that this is a repeat felon… We do believe that confinement is appropriate, not only appropriate but necessary." *Id.* at 21.  Further, Appellant concedes in his brief that a prior record score does not control the ultimate sentence. *See* Appellant's Brief at 11.  Thus, even if counsel erred, Appellant suffered no prejudice.[7]

Appellant's remaining allegations of ineffectiveness regard his trial counsel's failure to properly cross-examine witness Laura Kech.  He claims Kech testified falsely at his trial and later received a favorable sentence for doing so.  Appellant concludes the PCRA court erred by failing to conduct an evidentiary hearing to determine the exact details trial counsel knew about

_____

[7] Appellant directs us to **Commonwealth v. Spenny**, 128 A.3d 234 (Pa.Super.2015) for the proposition that an improper classification as a RFEL is "reason enough to remand for re-sentencing." Appellant's Brief at 11.  In **Spenny**, this Court held, on direct appeal, that the trial court abused its discretion in determining the appellant was a RFEL. **Spenny**, 128 A.3d at 251.  Because Appellant does not argue appellate counsel was ineffective for failing to raise a discretionary aspects of sentencing claim on direct appeal, this Court's holding in **Spenny** is irrelevant.

Kech's sentencing to demonstrate that she did not cross-examine her effectively. Again, we disagree.

After Kech testified that she was charged with possessing heroin and drug paraphernalia relating to the December 13, 2012 traffic stop, the prosecutor questioned Kech about her guilty plea and probation.

> [PROSECUTOR]: Were any of the terms of your plea for probation conditioned on your testifying against [Appellant]?
>
> [KECH]: No.
>
> [PROSECUTOR]: You do have a criminal record as well?
>
> [KECH]: Yes.
>
> [PROSECUTOR]: I believe you have retail theft or two, correct?
>
> [KECH]: Yes.
>
>                   \*     \*     \*
>
> [PROSECUTOR]: Now, obviously these deal with you stealing things that aren't yours. Why was it that you are stealing other people's property?
>
> [KECH]: To get money to buy drugs.
>
> [PROSECUTOR]: How long have you had a drug problem?
>
> [KECH]: About two years.

N.T., 10/22/2013, at 93-94.

Defense counsel then cross-examined Kech. *Id.* at 95-105. Although defense counsel did not question Kech about how her testimony could affect her sentence, the prosecutor had already asked Kech if any of the terms of

her plea were conditioned on her testimony at Appellant's trial, and she denied the allegation. Although Appellant is correct that "[t]rial counsel could… have argued that Kech's testimony was conveniently located between the filing of the [plea] and her sentencing[,]"[8] she was not required to do so.

Further, counsel's failure to cross-examine Kech in this manner did not prejudice Appellant. Appellant testified that he had 30 bags of heroin because he was a heroin addict, but he did not intend to sell the heroin. N.T., 10/22/2013, at 148. Kech did not testify that Appellant intended to sell the heroin, but rather testified, upon cross examination, that she used about 10 to 20 bags of heroin per day and that her friends, including Appellant, used that much, "if not more." *Id.* at 105. The jury chose to believe that Appellant possessed the heroin with the intent to deliver it, despite what Appellant and Kech stated, and trial counsel's failure to cross-examine Kech regarding the timing of her sentencing did not prejudice Appellant.

Here, Appellant presented no genuine issues of material fact. Thus, the PCRA court did not err in denying Appellant's PCRA petition without conducting an evidentiary hearing, and his issues merit no relief.

Order affirmed.

---

[8] Appellant's Brief at 10.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2016