524 A.2d 973

COMMONWEALTH of Pennsylvania

v.

William RUE, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 26, 1987.

Filed April 27, 1987.

Robert S. Robbins, Philadelphia, for appellant.

Jane C. Greenspan, Stuart Wilder, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence imposed after a jury found appellant, William Rue, guilty of simple assault, rape and involuntary deviate sexual intercourse. Appellant was sentenced to three (3) to six (6) years imprisonment on the charges of rape and involuntary deviate sexual intercourse, to be served concurrently. Sentence was suspended for simple assault. This appeal followed.

In January, 1984, the victim, Lillian Bersin, went out to buy some milk for her children. After she bought the milk, Joseph Bozine, the appellant's brother-in-law, a man whom the victim recognized from around the neighborhood, offered to drive her home. Instead of taking her home, he brought her to appellant's residence, where she was forced to remain for three days. The victim's clothing was taken and hidden from her. She was ordered to have sex with appellant and was told that if she refused, appellant would harm her and her children. Appellant threatened to blow up her house and told the victim that he was a member of the Mafia. The victim testified that there were other people in the house while she was held there and that one of them eventually helped her leave the apartment.

The victim reported the crime to the police. A physical examination was performed which revealed bruises all over her body, a second degree burn on her thigh, and abrasions and sperm in the genital area.

Appellant raises four issues on appeal: (1) whether the trial court erred in refusing a requested jury instruction on character evidence; (2) whether the trial court erred in refusing to instruct the jury that "forcible compulsion" as used to define rape and involuntary deviate sexual intercourse is equivalent to physical compulsion and not psychological duress; (3) whether the lower court improperly disallowed the use of preliminary hearing notes to impeach the victim's testimony; and (4) whether the evidence was

sufficient to support the verdict? We find that the trial court committed no error. Accordingly, judgment of sentence is affirmed.

Appellant's first contention on appeal is that the trial court erred in refusing a requested jury instruction which would have informed the jury that evidence of good character, in and of itself, may be sufficient to justify an acquittal. Appellant claims that during the trial, the appellant's brother-in-law (the man who brought the victim to the place where she was raped) testified as to the appellant's good reputation within the community. The relevant testimony on direct examination was as follows:

Q. What is your relationship to William Rue?

A. I'm married to Bill's sister.

Q. How long have you known him?

A. Eighteen, nineteen years.

Q. Do you know other people who know him?

A. Lots of people, sure.

Q. Among the people who know him, what would his reputation be for being a peaceful, law abiding citizen?

A. Bill's never been arrested, as far as I know. I mean he's never bothered anybody. He's disabled and he lives alone.

Q. Have you heard bad things about him?

A. No.

On cross examination of appellant's brother-in-law, the prosecuting attorney asked,

Q. Basically you are here to testify to the good character of your wife's brother; is that correct?

A. He's a good guy, he is.

This was the totality of character evidence offered during the two day trial.

It has long been the law in Pennsylvania that a criminal defendant is permitted to introduce evidence of his good reputation. *Commonwealth v. Luther*, 317 Pa.Superior Ct. 41, 463 A.2d 1073 (1983); *Commonwealth v. Castellana*, 277 Pa. 117, 121 A. 50 (1923). Such evidence has been

allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. *Commonwealth v. Luther, supra.* The importance of this evidence is demonstrated by the requirement that a jury be instructed that such evidence, in and of itself, may be sufficient to justify an acquittal. *Commonwealth v. Schultz,* 335 Pa.Superior Ct. 306, 484 A.2d 146 (1984).

■ However, it is equally well established that a trial judge is not obliged to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is required and the evidence presented at the trial. *Commonwealth v. Coleman,* 402 Pa. 238, 166 A.2d 525 (1961). We find that during the course of appellant's trial, there was no proof of reputation for good character. There was only testimony that the appellant had never been arrested and good character cannot be shown by the absence of a criminal record. *Commonwealth v. Presbury,* 329 Pa.Superior Ct. 179, 478 A.2d 21 (1984). Furthermore, appellant's brother-in-law demonstrated no knowledge of appellant's reputation in the community and could express only his personal opinion regarding appellant's character. *See id.* This does not amount to character evidence warranting a jury instruction.

■ Appellant also contends that the trial court erred in refusing to instruct the jury that "forcible compulsion" as used to define rape and involuntary deviate sexual intercourse is equivalent to physical compulsion and not psychological duress. Appellant contends that the victim was held against her will and raped solely through the use of psychological force. He relies on *Commonwealth v. Mlinarich,* 345 Pa.Superior Ct. 269, 498 A.2d 395 (1985), *petition for allowance of appeal granted,* 512 Pa. 115, 516 A.2d 229 (1986), an *en banc* decision which held that the term "forcible compulsion" requires physical compulsion or violence or a threat of physical compulsion or violence sufficient to

prevent resistance by a person of reasonable resolution. The court concluded that a threat to withdraw custodial care and return a juvenile to a detention home did not amount to "forcible compulsion" and therefore, the rape conviction was vacated.[1]

We find the facts of the *Mlinarich* case distinguishable from those in the case *sub judice;* the threats used to frighten the victim in the instant case were of a violent nature; she was told that if she did not cooperate, appellant would hurt her children and blow up her house. The court in *Mlinarich* framed the issue before it as follows: "Did the legislature intend to include within the crime of rape acts of sexual intercourse induced by threats to do *non-violent* acts?" (emphasis supplied) *Commonwealth v. Mlinarich, supra,* 345 Pa.Superior Ct. at 271, 498 A.2d at 396. The court concluded that threats of non-violent acts did not constitute sufficient force for rape. Since that holding is limited to threats of non-violent acts, it is not applicable to this case.

Furthermore, a trial court is not required to accept a requested instruction verbatim so long as the court's charge adequately, accurately and clearly explains the principles of law to the jury. *Commonwealth v. Larkins,* 340 Pa.Superior Ct. 56, 489 A.2d 837 (1985). The trial judge denied appellant's requested instruction in favor of the standard jury charges for the crimes involved. The charge was a fair, accurate and complete statement of the law; no reversible error occurred.

**1.** Three months after the trial in the instant case, the Supreme Court of Pennsylvania held that forcible compulsion as used in the rape statute includes not only physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will. *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986). Therefore, appellant would certainly not be entitled to his requested instruction under the current law. When submitted points for charge do not represent accurate statements of the law, the trial court acts properly in refusing them. *Crotty v. Reading Industries, Inc.,* 237 Pa.Superior Ct. 1, 345 A.2d 259 (1975); *Richardson v. LaBuz,* 81 Pa.Commonwealth Ct. 436, 474 A.2d 1181 (1984).

■ The appellant's next assignment of error is that the court improperly disallowed the use of preliminary hearing notes to impeach the victim's testimony during trial. At the preliminary hearing, the victim was asked with whom she had intercourse, and she indicated appellant. She was not asked whether she had also had intercourse with others present in the apartment and she was silent on this point. During her trial testimony the victim stated that she was forced to have sex with several people during the ordeal.

Appellant contends that the preliminary hearing testimony and the trial testimony "directly and materially" contradicted each other. Defense counsel attempted to impeach the victim by way of implying an inconsistency in her testimony when in actuality there was none. Omissions of facts in prior statements do not render them inconsistent statements which may be used for purposes of impeachment at trial. *Commonwealth v. Hammond,* 308 Pa.Superior Ct. 139, 454 A.2d 60 (1982). The extent of cross-examination is within the discretion of the trial judge, *Commonwealth v. Vander Weele,* 356 Pa.Superior Ct. 152, 514 A.2d 189 (1986); *Commonwealth v. Hammond, supra,* and the trial court properly exercised its discretion on this issue.

■ Appellant's final contention is that the evidence was insufficient to support the verdict. The test of the sufficiency of the evidence in a criminal case is whether, viewing all the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. McGinnis,* 336 Pa.Superior Ct. 601, 486 A.2d 428 (1985). After a thorough review of the trial transcript, we are convinced that the facts proved by the Commonwealth in this case were sufficient to support the jury's finding that appellant committed simple assault, rape and involuntary deviate sexual intercourse.

Judgment of sentence is affirmed.