549 A.2d 199

**COMMONWEALTH of Pennsylvania**

v.

**Edward D. HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 29, 1988.

Filed Oct. 14, 1988.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA). On appeal, appellant claims that the PCHA court erred in denying appellant's petition without a hearing and asserts that his initial PCHA counsel, who filed a "no merit" letter, was ineffective for failing to raise the ineffectiveness of all prior counsel for failing to: (1) challenge the trial court's permitting the Commonwealth to present evidence concerning appellant's filing of an alibi notice; (2) challenge the trial court's denial of appellant's motion to suppress; (3) challenge the trial court's precluding appellant from impeaching a Commonwealth witness with preliminary hearing testimony; (4) challenge the trial court's permitting the Commonwealth to present hearsay testimony; (5) allege prosecutorial misconduct; (6) request a jury instruction concerning Commonwealth witnesses' prior inconsistent testimony; and (7) raise the trial court's consideration of appellant's prior guilty plea in sentencing appellant. For reasons discussed below, we remand for an evidentiary hearing.

The defendant was arrested on or about September 14, 1982, and charged with burglary and related offenses.... On September 15, 1983, defendant plead guilty before Judge Guarino to the charge of burglary. He was sentenced to a period of imprisonment of not less than three to no more than eight years. On October 13, 1983, the

defendant was permitted to withdraw his guilty plea, and new counsel was appointed to represent him....

On October 16, 1985, trial began before the Honorable Angelo Guarino and a jury. The jury returned a verdict of guilty as to the charges of criminal trespass, burglary and theft. Once again, counsel was permitted to withdraw, and new counsel was appointed to represent the defendant. On April 23, 1986, post-verdict motions were argued and denied. On May 12, 1986, the defendant was sentenced on the charge of burglary to a period of not less than six to no more than twenty years. The remaining charges merged for the purposes of sentencing. The defendant filed a timely motion to reconsider sentence which was heard and denied on May 30, 1986.

On December 1, 1986, the judgment of sentence was affirmed by the Superior Court in a per curiam and unpublished memorandum. (No. 1514 PHL 1986).

On December 30, 1986, the defendant filed a pro se petition for relief under the Post Conviction Hearing Act. New counsel was appointed to represent him in this matter. On September 24, 1987, P.C.H.A. counsel notified this Court, through a "no merit" letter, that he was unable to amend the defendant's petition, and that he found the issues raised in the defendant's pro se petition to be frivolous. This Court then undertook its own independent and careful review of the record and applicable law. On October 23, 1987, this Court found the defendant's issues raised in his pro se petition to be frivolous and discovered no other issues of arguable merit. Accordingly, this Court entered an Order dismissing the defendant's Petition for Relief. The instant appeal has followed the denial of relief.

Opinion at 2–4.

Appellant then filed an appeal with this Court. Initial PCHA counsel was permitted to withdraw and new PCHA counsel was appointed for purposes of this appeal.

First, appellant claims that the PCHA court erred in dismissing appellant's PCHA petition without a hearing. In

his petition, appellant asserted that prior counsel was ineffective for failing to investigate and prepare a credible Rule 1100 argument, and for failing to articulate the substance of an alibi witness's testimony. We find, however, that the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. *Commonwealth v. Lutz*, 492 Pa. 500, 424 A.2d 1302 (1981). Therefore, we adopt the PCHA court's thorough examination and disposition of these contentions.

Appellant has cloaked his remaining claims in the ineffectiveness of initial PCHA counsel. Because this is the first time that the ineffectiveness of his first PCHA counsel could be raised, there has been no evidentiary hearing below to determine if there was a reasonable basis for counsel's actions. In this situation, we are required to determine whether that claims have arguable merit before we will remand to the PCHA court for an evidentiary hearing as to the basis for counsel's actions. *See Commonwealth v. Shablin*, 362 Pa.Super. 289, 524 A.2d 511 (1987). "When a claim has arguable merit, and there has been no evidentiary hearing below to determine if there was reasonable basis for counsel's actions, then this Court will remand for an evidentiary hearing." *Shablin, supra*, 362 Pa.Superior Ct. at 292, 524 A.2d at 512, *citing Commonwealth v. Spotts*, 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985). Because we find appellant's final claim to be of arguable merit, we must remand for an evidentiary hearing. In the interest of judicial economy, however, we will first dispose of appellant's other seven contentions.

First, appellant claims that PCHA counsel was ineffective for failing to assert prior counsels' failure to challenge the trial court's permitting the Commonwealth to present evidence concerning appellant's filing of an alibi notice. Specifically, appellant claims that his testimony at trial confirmed that he "abandoned" his alibi defense and, therefore, it was improper for the Commonwealth to present testimony in rebuttal to establish that an alibi notice was filed. Pa.R.Crim.P. 305C(1)(g) provides that:

... if the defendant has filed notice and testifies concerning his presence at the time of the offense at a place or time different from that specified in the notice, the defendant may be cross-examined concerning such notice.

■ Instantly, appellant's claim that his testimony established an "abandonment" of the alibi defense is insufficient to preclude impeachment as to the lodging of an alibi notice. Rather, appellant must have formally withdrawn the notice of alibi defense prior to trial. *See Commonwealth v. Alicea,* 498 Pa. 575, 449 A.2d 1381 (1982). The presentation of evidence to contradict appellant's testimony is a risk he assumed when he took the stand. *See Commonwealth v. Bey,* 294 Pa.Super. 229, 439 A.2d 1175 (1982).

Moreover, the fact that the Commonwealth presented rebuttal testimony, rather than cross-examining appellant, to impeach appellant's testimony is of no consequence. It is well settled that "[e]vidence is admissible in rebuttal to contradict that offered by a defendant or his witnesses...." *Commonwealth v. Mangini,* 478 Pa. 147, 161, 386 A.2d 482, 489 (1978), *quoting Commonwealth v. Tervalon,* 463 Pa. 581, 590, 345 A.2d 671, 676 (1975) (citations omitted); *Commonwealth v. Koch,* 446 Pa. 469, 478, 288 A.2d 791, 795 (1972). Appellant's claim lacks merit.

■ Appellant also asserts that all previous counsel was ineffective for failing to challenge the denial of appellant's motion to suppress an identification made subsequent to appellant's allegedly illegal arrest. We find that the arresting officer had probable cause to arrest appellant, and therefore, the suppression issue lacks arguable merit.

Testimony elicited at the suppression hearing reveals that an employee at Rentex Corporation reported a break-in and described the perpetrator as a black male wearing a tee shirt, jeans, and a blue hat. Transcript at 19. The officer observed appellant walking two to three blocks from Rentex ten minutes after conversing with the employee. Transcript at 20–21. Because appellant fit the given description, transcript at 25, the officer stopped appellant, searched him, and found a red knife, a pair of scissors, and a small

screwdriver in his pockets. The officer took appellant to the scene of the crime where he was identified by the complainant.

This Court's recent decision in *Commonwealth v. Vinson*, 361 Pa.Super. 526, 522 A.2d 1155 (1987), is instructive in resolving appellant's contention:

Initially we note that our function as an appellate court reviewing a denial of a motion to suppress is to determine:

[W]hether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.

*Commonwealth v. Reddix*, 355 Pa.Superior Ct. 514, 518, 513 A.2d 1041, 1043 (1986), *quoting Commonwealth v. W.P.*, 302 Pa.Superior Ct. 66, 69, 448 A.2d 97, 98 (1982). Moreover, when the evidence viewed in this manner supports the factual findings of the suppression court, we can reverse only if there is an error in the legal conclusion drawn from those factual findings. *Commonwealth v. Reddix, supra.*

Probable cause exists if the facts and circumstances within the knowledge of the police at the time of the arrest, and of which they have reasonably trustworthy information, are sufficient to justify a man of reasonable caution in the belief that a suspect has committed a crime. *Commonwealth v. Verdekal*, 351 Pa.Superior Ct. 412, 506 A.2d 415 (1986). It is only the probability of criminal activity, and not the certainty of such activity, that is the standard of probable cause. *Commonwealth v. Monroe*, 356 Pa.Superior Ct. 109, 514 A.2d 167 (1986).

*Id.* 361 Pa.Super. at 530, 522 A.2d 1157.

■ Applying this law to the facts of the present case, we find that the trial court properly held that probable cause existed to support the stop and arrest. Within ten minutes of hearing the description of the perpetrator, the arresting

officer observed a black male who fit the description near the scene of the crime. "The correlation of the broadcast description with the officer['s] observations gave rise to probable cause to stop [appellant]." *Id.* The fact that appellant did not conform in every respect to the description is not fatal to the finding of probable cause. *See id.* Appellant's claim of ineffectiveness lacks merit.[1]

■ Next, appellant claims that prior counsel was ineffective for failing to challenge the trial court's precluding appellant from impeaching a Commonwealth witness, Thomas Johnson, with preliminary hearing testimony. The underlying issue lacks merit. Mr. Johnson testified at trial that appellant brandished a gun as he fled the Rentex Corporation building. Appellant sought to impeach Mr. Johnson with the fact that he did not mention the gun at appellant's preliminary hearing.

Quite simply, appellant sought to imply an inconsistency in Mr. Johnson's testimony when none existed. It is well settled that omissions of facts in prior statements do not render them inconsistent statements that may be used for impeachment purposes at trial. *Commonwealth v. Rue,*

1. We note that even if probable cause did not exist to stop appellant, the officer lawfully stopped appellant for the purpose of conducting a "limited investigation."

This concept is referred to as an "intermediate response" and has been explained as follows.

A police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is not probable cause to make an arrest.... The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary ... it may be the essence of good police work to adopt an intermediate response.... A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. (citations omitted) *Commonwealth v. Monroe, supra,* 356 Pa.Super. at 115–116, 514 A.2d at 170–171, *quoting Adams v. Williams,* 407 U.S. 143, 145, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 616–617 (1972).

Therefore, under the instant circumstances, we find that the officer had not only the right but the duty to stop appellant. *Vinson, supra.*

362 Pa.Super. 470, 476, 524 A.2d 973, 976 (1987), *citing Commonwealth v. Hammond*, 308 Pa.Super. 139, 454 A.2d 60 (1982). The trial court properly exercised its discretion in limiting cross-examination on this issue. *Rue, supra, citing Commonwealth v. Vander Weele*, 356 Pa.Super. 152, 514 A.2d 189 (1986); *Hammond, supra.*

■ Appellant also asserts that prior counsel was ineffective for failing to challenge the trial court's permitting the Commonwealth to present hearsay testimony. Specifically, appellant contends that a hearsay objection should have been pursued regarding a police officer's testimony that he "received a radio call from the Rentex Company, someone breaking in." Transcript at 99–100. We have repeatedly declared, however, that an out-of-court statement offered to explain the course of conduct of police is not hearsay. *Commonwealth v. Carroll*, 355 Pa.Super. 569, 572, 513 A.2d 1069, 1071 (1986), *citing Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980); *Commonwealth v. Underwood*, 347 Pa.Super. 256, 259, 500 A.2d 820, 822 (1985). Since the challenged statement was offered merely to establish the officer's course of conduct, appellant's complaint is without merit.

■ Next, appellant maintains that counsel was ineffective for failing to allege prosecutorial misconduct as a result of the district attorney's alleged expression of personal opinion during his summation. Our review of the record does not reveal expression of personal opinion that rises to the level of prosecutorial misconduct requiring reversal. Appellant mistakenly attempts to equate the prosecutor's statement, "I think the Commonwealth has shown you through the evidence that the defendant was lying ...," Transcript at 24, with "I think the defendant was lying." While it may have been more prudent for the prosecutor to refrain from using the first person, we emphasize that not every intemperate remark requires a new trial. *Commonwealth v. Stantz*, 353 Pa.Super. 95, 104, 509 A.2d 351, 356 (1986), *citing Commonwealth v. Jarvis*, 482 Pa. 598, 394 A.2d 483 (1978); *Commonwealth v. Youngkin*, 285 Pa.Super. 417, 427 A.2d 1356 (1981). "Reversible error

exists only where the cumulative effect of any improper remarks so prejudices the jury as to prevent a fair trial." *Stantz, supra, citing Commonwealth v. Simon,* 432 Pa. 386, 248 A.2d 289 (1968); *Youngkin, supra.* Appellant has failed to establish that he was prejudiced in any manner by the prosecutor's closing remarks. We find, in fact, that appellant was not prejudiced by the Commonwealth's summation. Therefore, this claim is also without merit.

Appellant also urges that counsel was ineffective for failing to raise the failure of trial counsel to request a jury instruction concerning the alleged prior inconsistent testimony of Commonwealth witnesses. Appellant does not delineate in his brief any proof of inconsistent testimony in the record; he merely cites to two excerpts from the record that we assume he claims are evidence of inconsistent testimony. The excerpts, however, do not amount to prior inconsistent testimony that would warrant a jury instruction on the issue. Transcript at 84–85, 90–91. We note, nonetheless, that the court instructed the jury to "consider the inconsistencies in [a] witness' testimony or any prior inconsistent statement that that witness might have made...." Transcript at 50–51. This contention is, therefore, frivolous and without merit.

Finally, appellant asserts that prior counsel was ineffective for failing to raise the sentencing court's consideration of appellant's prior guilty plea in determining sentence. When imposing sentence, the trial judge stated:

... My sentence will be taking into account who you are, who you have been, what you have done to your members of our society while you continue this criminal activity. You have a bad conduct as a young boy and you have worse conduct as an adult and this is the apex of all of them.... We have tried you on incarceration. We have tried you on probation and parole and you have all the opportunity in the world to rid yourself of the habit that you say is the devil that fans your criminal conduct and you haven't succeeded. So what you need is very close institutionalized overseeing, incarceration they call it. How long, even I don't know, but I can't predict when

> you will be ready.  You have given us a sign that you'll never be ready and I believe that....
>
> And secondly because your attitude is bad.  Not only is your behavior but your attitude is.  If you can beat a wrong you'll do your utmost to do it.  *You had good sound advice even in this case and if you really wanted to rehabilitate yourself you had excellent counsel who advised that you take the negotiated plea and you did plea[d] and then on the hope and on the technicality that you thought you might beat the case you went ahead and tried the case and I gave you—and I permitted you to withdraw your plea on nothing only because you told me that well, you weren't so sure that is what you wanted to do.  So you never owned up to your own sense of responsibility in this case.*
>
> *So now you must suffer the consequence of all that you have done including what you did in this case....*

Transcript at 21–22 (emphasis supplied).

Pennsylvania courts have upheld the constitutional mandate that a plea of not guilty is not a factor that a judge may consider in deciding whether to give a more severe sentence.  *Commonwealth v. Bethea,* 474 Pa. 571, 578, 379 A.2d 102, 105 (1977), *quoting Commonwealth v. Staley,* 229 Pa.Super. 322, 324, 324 A.2d 393, 395 (1974).  In *Bethea,* our Supreme Court vacated the judgement of sentence and remanded for resentencing based on these remarks by the sentencing court:

> ... [I]t's a great shame, but you are going to learn in life that you have a responsibility for your actions, and it is not only your interests that have to be taken into account but it is the interest of the community.  This was, as I say, an aggravated crime.  As far as I'm concerned, even though it is your first offense I think substantial punishment must be inflicted here.  *If you had pled guilty, perhaps you were involved, there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time.*

*Bethea, supra,* 474 Pa. at 578, 379 A.2d at 105–106 (emphasis in original).

We are unable to distinguish the court's impermissible consideration of appellant's choice to plead not guilty in *Bethea* from the court's statements in that regard in the instant case. The sentencing court explained that part of its reason for sentencing appellant in the aggravated range on the burglary charge was because he chose to withdraw his guilty plea and assert his right to trial by jury. Although we can understand the sentencing court's frustration with this matter, it was not appropriate to consider appellant's choice to be tried by jury as a reason for sentence. We are constrained to find, therefore, that based on *Bethea,* appellant's claim has arguable merit.

Because prior PCHA counsel has not had the opportunity to explain his failure to raise prior counsel's failure to pursue this issue, we must remand for an evidentiary hearing to afford prior PCHA counsel the opportunity to explain his failure to pursue this issue only. *Shablin, supra.*

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

KELLY, J., concurs in the result.