J-S02012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAREEM JONES | |
| Appellant | No. 3114 EDA 2013 |

Appeal from the PCRA Order September 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0309721-2004

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 17, 2015**

Appellant, Kareem Jones, appeals *pro se* from the September 13, 2013 order, dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A prior panel of this Court summarized the relevant factual and procedural history of this case as follows.

> At approximately 7:00 p.m. on November 30, 2003, Clarence Davis and Jessica Treadway were seated in a vehicle parked on the 200 block of East Albanus Street in Philadelphia.  Mr. Davis was in [the] driver's seat and Ms. Treadway was next to Davis in the front passenger seat.  [Appellant] approached, knocked on the window, and asked Davis "Do you have that?"[]  When Davis responded "yes", [Appellant] entered the rear of the vehicle.

Ms. Treadway had known Davis for several months and had known [Jones] for approximately ten years. A minute or two after [Appellant] got into the vehicle, Treadway heard a single gunshot go off. Although she did not see the gun, the firearm was so close that she felt the heat from the muzzle on the left side of her face.[FN] Indeed, the medical examiner testified that Davis suffered a contact wound to the right back side of his head that was so close as to cause the victim's skin to burn. [] Davis died as a result of the gunshot wound to his head.

[Footnote]: Following the shooting, Ms. Treadway contacted Philadelphia Police Officer Dierdre Still, a friend of the family, and told her about the shooting. At Officer Still's direction, Ms. Treadway later gave a statement to homicide detectives. Treadway also testified at a preliminary hearing a couple of months following the murder, and gave a trial deposition video approximately two years after the murder.

Police found [Appellant's] cell phone in the rear of the vehicle in which the victim was killed. The cell phone showed calls between [Appellant] and the victim. Additionally, Ms. Treadway turned over a letter sent to her from [Appellant] postmarked February 23, 2004[,] in which he denied involvement in the shooting, but advised her not to cooperate with authorities or to implicate him in the incident.

Trial Court Opinion, 1/3/07, at 2-3 (citations omitted).

A jury subsequently found [Appellant] guilty of [one count each of first-degree murder and firearms

not to be carried without a license.[1]] Thereafter, [on December 19, 2005,] the trial court sentenced [Appellant] to life in prison for his conviction of first[-]degree murder. The trial court imposed no further sentence for [Appellant]'s conviction of the firearms charge. [Appellant]'s counsel failed to file a timely direct appeal of the judgment of sentence. However, the trial court subsequently reinstated [Appellant]'s direct appeal rights, *nunc pro tunc*.

*Commonwealth v. Jones*, 938 A.2d 1115 (Pa. Super. 2007) (unpublished memorandum at 1-2). On September 25, 2007, this Court affirmed Appellant's judgment of sentence. *Id.* Appellant did not file a petition for allowance of appeal in our Supreme Court.

On August 15, 2008, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. On October 14, 2010, PCRA counsel filed a petition to withdraw as counsel along with a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On January 20, 2012, this case was reassigned to a new judge due to the former judge's retirement. On April 23, 2012, PCRA counsel resubmitted his *Turner*/*Finley* letter. On June 11, 2012, the PCRA court entered an order notifying Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On June 27, 2012, Appellant filed a *pro se* response to the PCRA court's Rule 907

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 6106, respectively.

notice.[2]   On September 13, 2013, the PCRA court entered an order dismissing Appellant's PCRA petition and granting PCRA counsel's petition to withdraw.  On November 6, 2013, Appellant filed a *pro se* notice of appeal.[3]

On appeal, Appellant raises the following four issues for our review.

> [1].   Whether [Appellant] was denied his right to effective assistance of counsel in [PCRA] proceedings, and lawful evaluation of his [PCRA] petition[?]
>
> 2.   Whether trial counsel was ineffective for failing to object to and preserving for appeal[,] the testimony of [O]fficer Still, [D]etective Lynch and [D]etective Bova, of which none of these

---

[2] On July 27, 2012, Appellant filed a notice of appeal to this Court from the PCRA court's Rule 907 notice, which this Court quashed as interlocutory. Superior Court Order, 2494 EDA 2012, 1/11/13, at 1.

[3] We note that Appellant's notice of appeal was filed 54 days after the PCRA court entered its order dismissing Appellant's PCRA petition.  Ordinarily, this would subject the appeal to immediate quashal.  **See** Pa.R.A.P. 903(a) (stating that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken[]").  However, the PCRA court notes in its opinion that the PCRA court's dismissal order "was not mailed to Appellant in accordance with Pennsylvania Rule of Criminal Procedure 114(b)(3)(a)(v)."  PCRA Court Opinion, 6/30/14, at 3-4.  This Court has held that a failure to serve the underlying order on an appellant constitutes a breakdown in court operations.  **See, e.g.**, **Commonwealth v. Khalil**, 806 A.2d 415, 420-421 (Pa. Super. 2002) (concluding a breakdown in court operations occurred, excusing late notice of appeal, where the trial court failed to issue an order informing the defendant that his post-sentence motion had been denied by operation of law), *appeal denied*, 818 A.2d 503 (Pa. 2003).  As a result, we conclude that we possess appellate jurisdiction in this case, and we will address the merits of Appellant's claims.  We further note the PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  The PCRA court filed its Rule 1925(a) opinion on June 30, 2014.

witnesses submitted an offering of proof[,] no pre-trial statement of testimony[?]

3. Whether trial counsel was ineffective for failing to object to and or file a motion to have any and all evidence obtained at the crime scene suppressed, due to the fact that the crime scene was tampered with, [due to m]issing evidence, [and a] tampered phone[?]

4. Whether trial counsel was ineffective for failing to object to the failure of the [C]ommonwealth to produce its key witness at the time of trial[?]

Appellant's Brief at 3.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[4]  U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel.  *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, *supra* at 804 (brackets in original; citation omitted).  As established by *Strickland* and *Pierce*, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different."  *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).  "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these

_____

[4] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …."  Pa. Const. art. I, § 9.  Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment.  *Pierce*, *supra* at 976.

prongs." ***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, ***Elliott v. Pennsylvania***, 135 S. Ct. 50 (2014).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, ***Roney v. Pennsylvania***, 135 S. Ct. 56 (2014).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Roney***, ***supra*** at 605 (citation omitted).

In his first issue, Appellant avers that PCRA counsel was ineffective in not acting diligently with regards to his PCRA petition. Appellant's Brief at 8-11. Specifically, Appellant argues that PCRA counsel did not meet with or consult him during PCRA proceedings, and that PCRA counsel should have

raised trial counsel's ineffectiveness for not objecting to hearsay testimony by Detective Bova regarding a phone call from Nicole Speeks. *Id.* at 8, 11. Upon review of Appellant's brief, we deem Appellant's claims waived for failure to preserve them for our review.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). This Court is willing to construe *pro se* materials liberally, but "*pro se* status confers no special benefit on an appellant." *Id.* at 1211-1212.

Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of an appellate brief include "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, *Johnson v. Pennsylvania*, 131 S. Ct. 250 (2010); *see also, e.g.*, *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

In this case, Appellant's brief is devoid of any citations to any legal authority in support of his claims that would entitle him to an evidentiary hearing.[5]  Further, we note that in this issue, Appellant has raised the argument of PCRA counsel's ineffectiveness for the first time on appeal.  This Court recently explicitly reiterated, "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."  *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).  Based on these considerations, we deem Appellant's first issue waived.  *See Johnson*, *supra*; *Whitley*, *supra*.

In his second issue on appeal, Appellant avers that trial counsel was ineffective for not objecting to the testimony of Detective Bova, Detective Lynch and Officer Still in their entirety because the Commonwealth did not provide "pre-trial statements" concerning the testimony of these witnesses. Appellant's Brief at 12.  In support of his argument, Appellant cites to *Commonwealth v. Mejia-Arias*, 734 A.2d 870 (Pa. Super. 1999), for the proposition that "the law is clear that a criminal defendant is entitled to know about any information that may affect the reliability of the witnesses

---

[5] Appellant's brief as to PCRA counsel's diligence has one citation to *Commonwealth v. Hill*, 549 A.2d 199 (Pa. Super. 1988), for the proposition that if a defendant's claim has arguable merit, then an evidentiary hearing is in order to determine whether counsel had a reasonable basis for his or her action. *Id.* at 201; Appellant's Brief at 10. What we find lacking, however, is that Appellant has not cited to any legal authority to show this Court that his claim has arguable merit in the first instance.

against him." *Id.* at 876; Appellant's Brief at 14. *Mejia-Arias* pertained to the scope of a defendant's subpoena to inspect certain files in possession of the Attorney General. *Mejia-Arias*, *supra* at 876. Appellant also cites to *Commonwealth v. Ulen*, 650 A.2d 1416 (Pa. 1994), and *Commonwealth v. Grayson*, 353 A.2d 428 (Pa. 1976), which concerned the Commonwealth denying a defense request to examine **existing** pre-trial statements. *Ulen*, *supra* at 418; *Grayson*, *supra* at 428. However, Appellant does not allege a *Brady*[6] or discovery rule violation. Instead, Appellant argues that trial counsel was ineffective for not objecting to these witnesses because they did not give any pre-trial statement as a prerequisite to testifying. Appellant's Brief at 12.

None of the cases Appellant cites in his brief support his assertion that the Commonwealth must secure and turn over a "pre-trial statement" as a prerequisite to a witness testifying. The PCRA court could not find any law requiring such statements, nor can this Court. *See* PCRA Court Opinion, 6/30/14, at 5. As Appellant has not given any legal authority in support of his argument, Appellant cannot show that it has arguable merit. Therefore, Appellant is not entitled to relief on this issue.

Next, Appellant avers in his third issue that trial counsel was ineffective for failing to file a motion to suppress all evidence obtained at the

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

crime scene. Appellant's Brief at 19. In Appellant's view, all crime scene evidence should have been suppressed because "the complete crime scene was tampered with and corrupted." *Id.* It was allegedly tampered with because the first officer on the scene noticed "a pair of white latex gloves laying on the body of the deceased[.]" *Id.* Apparently, this supposed pair of gloves disappeared. *Id.* Appellant also argues that the crime scene was "corrupted" by Detective Lynch when he removed a mobile phone that he found from the crime scene and took it with him back to the police station. *Id.* at 22.

As noted above, to obtain PCRA relief, a defendant must prove his or her underlying legal claim has arguable merit. *See Simpson*, *supra*. As to the mobile phone found inside the vehicle, Appellant freely admits that he does not own the vehicle in question. Appellant's Brief at 23. This alone would preclude suppression of the mobile phone as Appellant cannot show a reasonable expectation of privacy in a vehicle that he does not possess. *See Commonwealth v. Enimpah*, --- A.3d ---, 2014 WL 7369744, *1 (Pa. 2014) (stating, "a defendant must show a legitimate privacy interest to *prevail* upon a suppression motion[]") (internal quotation marks and citation omitted; emphasis in original); *Commonwealth v. Millner*, 888 A.2d 680, 692 (Pa. 2005) (rejecting suppression argument where the defendant "produced no evidence that he owned the vehicle, nor did he produce evidence which remotely suggested that he had any other connection to the

vehicle which could form the basis for so much as a subjective expectation of privacy[]").  Therefore, regarding the mobile phone, Appellant cannot show that his claim would have arguable merit.  **See Elliott**, **supra**.

Turning to the latex gloves, assuming *arguendo* that the latex gloves were part of the crime scene and were exculpatory, Appellant does not explain how the lack of gloves renders any of the other evidence of the crime scene inadmissible.  Suppression motions are proper vehicles to challenge the admissibility of "evidence alleged to have been obtained in violation of the defendant's rights."  Pa.R.Crim.P. 581(A).  Appellant argues that there were "all kinds of inconsistencies in regard to the agents of the [C]ommonwealth's testimonies [sic] regards to these gloves …."  Appellant's Brief at 19-20.  However, it is axiomatic that testimonial inconsistencies go to the weight of the evidence, not its admissibility.  **Commonwealth v. Taylor**, 876 A.2d 916, 929-930 (Pa. 2005) (citations omitted).  Based on these considerations, we conclude Appellant has not shown that his claim has arguable merit.  As a result, the PCRA court properly denied Appellant relief on this claim.

In his fourth issue, Appellant avers that trial counsel was ineffective for failing to object to the Commonwealth's failure to produce its key witness, Ms. Treadway, live at trial.  Appellant's Brief at 25.  Treadway gave previously recorded testimony on videotape, she was subject to cross-examination, and said tape was played for the jury.  PCRA Court Opinion,

6/30/14, at 8. However, Appellant claims that after Treadway's testimony was recorded, it came to light that Officer Still had several private conversations with Treadway, and he was denied the opportunity to cross-examine her as to those conversations. Appellant's Brief at 25.

It is axiomatic that to be entitled to PCRA relief, a defendant must be able to show how he or she was prejudiced from trial counsel's alleged ineffectiveness.

> Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. Particularly relevant herein, it is well-settled that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012).

In this case, Appellant avers that he would have wished to cross-examine Treadway on additional conversations she had with Officer Still. However, Appellant does not explain how cross-examining her on these conversations would have so undermined her credibility as to create "a reasonable probability that … the result of the proceeding would have been different." *Id.* Based on these considerations, we conclude Appellant is not entitled to relief on this issue. *See Spotz*, *supra* at 319 (stating, "remanding for the PCRA court to make factual findings and credibility

- 13 -

determinations as to the 'reasonable basis' prong will be unnecessary if we determine there is no reasonable probability that an objection to the challenged jury instruction at trial would have led to a more favorable outcome for [the defendant]"); ***Elliott***, ***supra***; ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008) (stating, "a petitioner must set forth and individually discuss substantively **each** prong of the ***Pierce*** test[]").

Based on the foregoing, we conclude all of Appellant's issues are either waived or devoid of merit. Accordingly, the PCRA court's September 13, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015