J-S25039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES WAYNE POU | |
| Appellant | No. 1515 WDA 2015 |

Appeal from the PCRA Order September 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002742-2013

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 12, 2016**

Charles Wayne Pou ("Appellant") appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] For the reasons that follow, we vacate the order denying Appellant's PCRA petition and remand to the PCRA court for an evidentiary hearing.

The relevant facts and procedural history of this appeal are as follows. On July 25, 2013, Appellant was arrested and charged with 18 offenses related to his involvement in an armed robbery of a home on July 3, 2013. He and two other males allegedly pointed a gun at a one-year-old child while they robbed the family's home in their presence.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On October 8, 2013, Appellant's court appointed counsel, Keith H. Clelland, Esq., filed a motion to withdraw representation. The motion alleged that he and Appellant engaged in an argument at a preliminary hearing conducted on September 4, 2013. The motion alleged Appellant insisted Attorney Clelland call co-defendant Robert Turner to testify, but Attorney Clelland told Appellant he could not call Turner to testify. Appellant then filed several *pro se* motions asserting his counsel's ineffectiveness. On October 17, 2013, the court denied Attorney Clelland's motion to withdraw.

On October 26, 2013, the court conducted an omnibus pretrial motion hearing at which Attorney Clelland again requested to withdraw representation, and Appellant expressed his dissatisfaction with counsel and his belief that there was a conflict between them. The court again denied the motion to withdraw.

On January 8, 2014, Appellant filed a *pro se* request for new counsel, and several other *pro se* motions, all of which the clerk of courts forwarded to Attorney Clelland. Appellant filed a complaint against Attorney Clelland with disciplinary counsel. On January 29, 2014, Appellant wrote a letter indicating he would like to represent himself.

On February 11, 2014, the first day of his jury trial, Appellant again expressed his desire to represent himself. The trial court then conducted the following colloquy:

> THE COURT: Do you wish to represent yourself, [Appellant]?

[APPELLANT]: Yes, I do, Your Honor.

THE COURT: You have a right to do so.

[APPELLANT]: Yes, yes, yes, I do.

THE COURT: All right. Do you want to go over the waiver with him?

[PROSECUTOR]: … I'm with the District Attorney's office and I am the prosecuting attorney of your case. What you have before you is a right to counsel waiver. I've filled out you name and docket number. I've signed and dated this form. I'm going to read these questions. Please answer yes or no loud enough so our court reporter can hear you and I'll mark down your answers. Do you understand that?

[APPELLANT]: I see it.

[PROSECUTOR]: Okay, I mean, you understand what I just told you?

[APPELLANT]: Yeah, I understand what you just said.

[PROSECUTOR]: Okay. Question number one states, do you understand you have the right to be represented by an attorney and a right to a free attorney if you can't afford one and you also meet the eligibility requirements of the Erie County Public Defender's office?

[APPELLANT]: Yeah, I understand that.

[PROSECUTOR]: Okay, I'm going to mark yes. Do you know the nature and the elements of the charges against you?

[APPELLANT]: I've read them.

[PROSECUTOR]: Okay. Would you – yes or no?

[APPELLANT]: Yes.

[PROSECUTOR]: Do you know the nature – I'm going to mark down yes. Are you aware of the possible range of sentences, including fines and the maximum possible penalty that can be imposed if you're found guilty or plead guilty?

[APPELLANT]: Yes.

[PROSECUTOR]: Okay. I'm going to mark down your answer, yes. Do you understand that if you represent yourself you will still be required to follow all the rules of criminal procedure as well as the rules of evidence?

[APPELLANT]: Yes.

[PROSECUTOR]: Do you understand that an attorney will be more familiar with these rules than you?

[APPELLANT]: I don't – no, I don't understand that… I don't understand how if an attorney is more familiar with it than why am I in this courtroom right here right now?

THE COURT: Because you're charged with crimes.

[APPELLANT]: Well, I should have – at the preliminary hearing it should have never happened. It should have been thrown out at the preliminary.

THE COURT: Well, that's your opinion. But we're past that stage and now is your trial and if it should be thrown out or you should be found not guilty, we have twelve jurors who can decide that.

[APPELLANT]: Okay. Well, I'll say yes.

[PROSECUTOR]: I'm going to mark your answer yes to question five.

[APPELLANT]: All right.

[PROSECUTOR]: Okay. Question six states, do you understand that there may be defenses to these charges which counsel would be aware of?

- 4 -

APPELLANT: yes.

[PROSECUTOR]: Do you understand that if those defenses or other rights are not raised at the right time they may be permanently lost?

[APPELLANT]: Yes.

[PROSECUTOR]: Do you understand that if errors or rule violations occur and you don't object to them at the right time, you will lose your right to object to those errors or rule violations permanently?

[APPELLANT]: Okay, yes.

[PROSECUTOR]: Are you voluntarily giving up your right to be represented by an attorney?

[APPELLANT]: I would like standby counsel along with me. That's what I want. I want standby counsel to advise me when I'm wrong and all of that. That's what I would like also. Standby counsel, you know….

[PROSECUTOR]: So question number nine, are you voluntarily giving up your right to be represented by an attorney?

[APPELLANT]: Yes.

[PROSECUTOR]: Question ten, which is the last question, have you been forced or pressured in any way or have promises been made to you that have influenced your decision to waive your right to be represented by an attorney?

[APPELLANT]: Well, you know, just to make sure it's on the record, the reason I want to represent myself and not go with an attorney – with this particular attorney, Mr. Celland (sic) is, you know, he hasn't – he spoke to me one time and never even talk – spoke to me about a defense in my case, you know. He never even – he never done any of that, you know. He didn't do what I asked him to do at the preliminary hearing which was, you know, ask for a

- 5 -

pre-trial, pre-hearing lineup. I was never identified by the victim. He came –

THE COURT: We're not going to go into the primary hearing.

[APPELLANT]: Oh, okay. Well, that's the reason why I want to represent myself, because I believe in my heart that I could do a better job myself.

\* \* \*

[PROSECUTOR]: So the question is has anybody… forced you or pressured you in any way or have promises been made to influence your decision today?

[APPELLANT]: No, no no, ain't nobody –

[PROSECUTOR]: Marking your answer as no. Are all of the answers that I've marked, one through ten, a correct reflection of your answers today?

[APPELLANT]: Yes.

[PROSECUTOR]: Okay. The last line states that I have read the above document in its entirely and you wish to give up your right to be represented by an attorney. If you agree with that statement, I'm going to have you sign on the line marked defendant.

N.T., 2/11/2014, at 14-21.

Appellant then signed the written colloquy, which did not specify the crimes with which Appellant was charged or the possible sentences for each crime, and represented himself at trial. The jury convicted Appellant of robbery, criminal conspiracy, burglary, possessing instruments of crime, theft by unlawful taking, receiving stolen property, recklessly endangering another person, unlawful restraint/involuntary servitude, and terroristic

threats with intent to terrorize another.[2]    On April 2, 2014, the court sentenced Appellant to an aggregate term of thirty (30) to sixty (60) years' incarceration.

On April 28, 2015, this Court affirmed Appellant's judgment of sentence.  Appellant did not file a petition for allowance of appeal with our Supreme Court.  On July 28, 2015, Appellant filed a *pro se* PCRA petition. On August 3, 2015, the PCRA court appointed counsel, who filed a petition to withdraw along with a no-merit letter pursuant to **Turner**[3] and **Finley**[4] on August 14, 2015. On August 21, 2015, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing.  On August 24, 2015, the PCRA court granted counsel's petition to withdraw.  On September 10, 2015, Appellant filed a *pro se* objection to the PCRA court's Pa.R.Crim.P. 907 notice.  On September 17, 2015, after considering Appellant's objection, the PCRA court dismissed Appellant's petition.

On September 30, 2015, Appellant filed a *pro se* notice of appeal. The PCRA court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b)

---

[2]  18 Pa.C.S. §§ 3701(a)(1)(ii), 903(c), 3502(a)(1), 907(a), 3921(a), 3925(a), 2705, 2902(a)(2), and 2706(a)(1), respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[4] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

statement. The PCRA court adopted its "Opinion and Notice of Intent to Dismiss Without a Hearing," filed September 17, 2015, as its Pa.R.A.P 1925(a) opinion.

Appellant raises the following issue for our review:

> [WHETHER] DIRECT APPEAL COUNSEL WAS CONSTITUTIONALLY DEFICIENT FOR FAILING TO ARGUE ON APPEAL THAT THE TRIAL COURT ERRED IN ALLOWING APPELLANT TO WAIVE HIS CONSTITUTIONAL RIGHT TO COUNSEL WHERE THE COURT FAILED TO CONDUCT A FULL AND COMPLETE ORAL WAIVER OF COUNSEL COLLOQUY PRIOR TO GRANTING APPELLANT PERMISSION TO PROCEED PRO SE[?]

Appellant's Brief at 3.

Appellant's claim that his direct appeal counsel was ineffective for failing to argue on appeal that the trial court erred in allowing him to waive his right to counsel without a full colloquy is cognizable under the PCRA, 42 Pa.C.S. § 9543(a)(2)(ii).

Our standard of review regarding PCRA relief is well-settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the

record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

This Court follows the ***Pierce***[5] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

---

[5] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

We must first determine whether Appellant's claim of ineffective assistance of counsel has merit. We observe:

> "Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." ***Commonwealth v. Payson***, 723 A.2d 695, 699-700 (Pa.Super.1999). "Deprivation of these rights can never be harmless." ***Id.*** The constitutional right to counsel may be waived, but this waiver is valid only "if made with knowledge and intelligence." ***Id.*** at 700 (citing ***Commonwealth v. Carey***, 340 A.2d 509 ([Pa.Super.]1975)).
>
> "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." ***Payson, supra*** at 700 (citing ***Commonwealth v. Starr***, 664 A.2d 1326 ([Pa.]1995)).

***Commonwealth v. Houtz***, 856 A.2d 119, 122 (Pa.Super.2004).

Further,

> the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer.

***Commonwealth v. Phillips***, 93 A.3d 847, 852 (Pa.Super.2014).

Pennsylvania Rule of Criminal Procedure 121 provides, in relevant part:

**Rule 121. Waiver of Counsel**

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

- 10 -

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa. R. Crim. P. 121.

A trial court must "fully advise the accused of the nature and elements of the crime before accepting waiver of counsel." *Phillips*, 93 A.3d at 853 (internal citations omitted; emphasis deleted). Additionally, the court should

- 11 -

"inquire about the defendant's age, educational background, and basic comprehension skills." ***Id.***

Here, the trial court conducted an oral colloquy in which Appellant indicated that he knew the nature and the elements of the charges against him, and that he was aware of the possible range of sentences and maximum possible penalties against him. However, the trial court did not advise Appellant of the specific statutory maximum sentences for his crimes in the oral or written colloquy. Further, the court did not inquire about his age, educational background or basic comprehension skills. Thus, the court failed to meet the minimum requirements of Rule 121.

We must now determine whether appellate counsel had a reasonable basis for failing to raise this issue in a direct appeal, and whether this failure prejudiced Appellant.

When a claim has arguable merit, and there has been no evidentiary hearing below to determine if there was a reasonable basis for counsel's actions, then this Court will remand for an evidentiary hearing. ***Commonwealth v. Shablin***, 524 A.2d 511, 512 (Pa.Super.1987) (quoting ***Commonwealth v. Spotts***, 491 A.2d 132, 134 (Pa.Super.1985)). However, if the "appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary." ***Commonwealth v. Petras***, 534 A.2d 483, 485 (Pa.Super.1987) (quoting ***Commonwealth v. Clemmons***, 479 A.2d 955, 957 (Pa.1984)).

- 12 -

Further,

> [w]here the record on appeal clearly shows that there could have been no reasonable basis for the damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post[-]trial motions or the ordering of a new trial, granted. Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken. Neither of these remedies, however, is appropriate if from the record it is apparent that the actions claimed to constitute ineffectiveness were in fact within the realm or trial tactics of strategy.

*Commonwealth v. Egan*, 484 A.2d 802, 805 (Pa.Super.1984) (internal citations omitted; emphasis deleted).

"[O]nly where record clearly establishes action or omission of…counsel was without reasonable basis should PCRA court resolve reasonable basis prong of ineffectiveness test without remand for evidentiary hearing regarding… counsel's strategy." *Commonwealth v. Williams*, 899 A.2d 1060, 1065 (Pa.2006) (citing *Commonwealth v. Williams*, 732 A.2d 1167, 1189-90 (Pa.1999). Further, our Supreme Court "has expressed a distinct preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her action or inactions." *Commonwealth v. Spotz*, 84 A.3d 294, 303 (Pa.2014).

Here, if direct appeal counsel had raised the issue of the trial court's error of failing to conduct a complete oral colloquy before allowing Appellant

to represent himself, this Court would have vacated his judgment of sentence and allowed him to proceed to a new trial with counsel or with a proper colloquy. *See Phillips*, 93 A.3d at 855 (holding, on direct appeal, "[i]n light of the…courts' failure to meet the minimum requirements of Rule 121 and to question Appellant on the qualitative aspects of his waiver of counsel at multiple critical stages of the proceedings, we are constrained to vacate the judgment of sentence and remand for further proceedings.")

Without an evidentiary hearing, it is impossible to determine whether appellate counsel had a reasonable basis for failing to raise an issue that would have resulted in Appellant having a new trial with the assistance of counsel. Further, counsel's failure to raise Appellant's issue may have prejudiced him by preventing him from having a new trial, with counsel, which may have affected the outcome of his jury trial. Thus, we are constrained to vacate the PCRA order denying Appellant's petition and remand to the PCRA court for an evidentiary hearing to determine whether appellate counsel had a reasonable basis for failing to raise Appellant's claim on direct appeal, and whether this failure prejudiced Appellant.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Mundy joins in the Memorandum

President Judge Emeritus Ford Elliott notes her dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016